[L. A. No. 2662. In Bank.—October 9, 1911.]

### FRED W. LAKE, and H. H. SNOW, Appellants, v. MARY A. BONYNGE and W. A. BONYNGE, Respondents.

JUDGMENT—FORECLOSURE OF RIGHT TO PURCHASE STATE LAND—ORDER SETTING ASIDE ORDER VACATING JUDGMENT—APPEAL—RES ADJUDICATA—COLLATERAL ATTACK.—Where a judgment in favor of the state, in an action by it to foreclose the right of a delinquent purchaser of state land, is vacated by the trial court on the ground that it was void for want of service of summons on the purchaser, and the order vacating it is subsequently set aside by the court on the ground that the judgment was valid on its face, and that the court had no jurisdiction to vacate it, as the motion therefor was not made within one year after its entry, an appeal from the order set-

ting aside the order vacating the judgment necessarily involved the question of the validity on its face of the original judgment, and the judgment of the supreme court affirming the order appealed from and deciding that the judgment-roll showed that jurisdiction of such purchaser had been acquired, is *res adjudicata* as to the validity of the original judgment and conclusive upon collateral attack by the parties to the appeal or their privies.

ID.—DETERMINATION OF APPEAL FROM MOTION—APPEAL INVOLVING SUBSTANTIAL RIGHT OR MERITS OF CASE.—Whenever a substantial right or the merits of the case are involved and determined on appeal, the judgment is *res adjudicata*, nothwithstanding the decision is made on an appeal from a motion.

ID.—JUDGMENT-ROLL—AFFIDAVIT AND ORDER FOR PUBLICATION OF SUMMONS.—Under section 670 of the Code of Civil Procedure, as it existed in 1892, the affidavit and order for publication of summons did not constitute part of the judgment-roll, in a case where the complaint was not answered by the defendant.

ID.—LAW DETERMINING VALIDITY OF JUDGMENT.—The validity of a judgment is to be determined from the law in force when it was rendered, and if valid then subsequent changes in the law cannot affect it.

ID.—COLLATERAL ATTACK ON JUDGMENT VALID ON FACE — EVIDENCE SHOWING INVALIDITY ADMITTED WITHOUT OBJECTION — EFFECT OF OBJECTIONS TO SUCH EVIDENCE.—Assuming that a judgment valid on its face must be held void on collateral attack, if the party relying on it admits facts which show that a service of summons, constructive or personal, was not made on the defendant to the judgment, and allows evidence to be introduced without objection showing such fact, such rule has no application where the party relying on the judgment persistently resisted throughout the trial the offer of any evidence tending to a collateral attack on the judgment.

APPEAL from an order of the Superior Court of Kern County denying a new trial. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Charles C. Boynton, J. A. Cooper, R. P. Henshall, and F. D. Brandon, for Appellants.

Frank H. Short, George E. Whittaker, J. W. McKinley, William J. Hunsaker, and Hunsaker & Britt, for Respondents.

LORIGAN, J.—On March 20, 1889, a certificate of purchase for six hundred and forty acres of land belonging to the state

of California, located in Kern County, was issued by the state to S. Davis, after payment by him of twenty per cent of the purchase price, together with interest for the first year on the balance of the purchase price as required by law.

On August 25, 1892, an action was commenced in the superior court of Kern County by the People of the state of California against said S. Davis to obtain a decree and judgment foreclosing and annulling said certificate of purchase on account of the failure of the said Davis to pay the interest on the unpaid balance of the purchase price, which was payable January 1, 1892.

On December 27, 1892, a decree and judgment foreclosing and annulling said certificate of purchase and all rights of said Davis therein was entered.

No appeal was taken from said judgment and it became final on December 27, 1893.

At the time said action of foreclosure was commenced no assignment by Davis to any one of any interest in the said certificate of purchase had been filed with the registrar of the state land-office, nor has any ever been filed there.

On July 22, 1899, the defendant Mary A. Bonynge applied to purchase the said land from the state and a certificate of purchase therefor was issued January 21, 1900.

On December 7, 1900, Davis executed to Charles H. Gilman a conveyance of said certificate of purchase issued to him which was recorded December 11, 1900, in the office of the county recorder of Kern County and on the same day Gilman conveyed to plaintiffs herein a certain proportion of his interest in the certificate to said land and the patent therefor under an agreement on their part to take all necessary legal proceedings to assert and maintain title as it originally accrued from the state of California under the certificate of purchase issued to Davis.

On December 31, 1900, one of the plaintiffs—F. W. Lake,— claiming to be a successor in interest of said Davis, moved the superior court of Kern County in said action of the People of the State of California *v.* Davis to vacate and set aside the judgment of foreclosure entered therein on the ground that no service of summons had been actually or constructively served on Davis in said action and that the judgment was therefore void. The motion was made on the record, proceedings and

files in said case and the affidavits of said Lake, C. H. Gilman, and said Davis, and on the same day the motion was made the court granted it and made an order purporting to set aside and vacate said judgment and the service of summons on the defendant Davis and his default entered in pursuance thereof in said action.

On October 29, 1901, the People of the State of California, plaintiff in said action, moved said court to vacate and set aside its above order made on December 31, 1900, on the ground that the court had no jurisdiction to vacate it, said motion being based on the judgment-roll and records in said cause.

On November 11, 1901, this latter motion was granted and an order made annulling and vacating the order of December 31, 1900, and adjudging and declaring that the judgment made and entered in the case of the People v. Davis was in full force and effect.

An appeal to this court was taken by said Lake from said order of November 11, 1901, and the order was by this court affirmed on June 23, 1904 (*People* v. *Davis,* 143 Cal. 673, [77 Pac. 651].)

On January 25, 1909, the defendant Mary A. Bonynge having paid to the state the full amount of the purchase price of said land, received from the state a patent therefor.

On March 1, 1909, plaintiffs brought this action against said Mary A. Bonynge and her co-defendant, alleging in their complaint the issuance of the said certificate of purchase from the state to said Davis and assignments thereof to plaintiffs; that said certificate of purchase had never been vacated, annulled, or set aside and was, when the patent was issued to the defendant Mary A. Bonynge, and now is, the only valid subsisting certificate of purchase issued by the state of California, and entitled plaintiffs to a patent for the land on payment to the state of the purchase price thereof; that the patent to said Mary A. Bonynge under her certificate of purchase and payment of the purchase price thereof was inadvertently made by the state.

The prayer is for a judgment and order that the said defendants hold the naked, legal title to said land in trust for plaintiffs, and that upon payment of the amounts which the court may determine due from plaintiffs to defendants by reason of the payment by the latter of the purchase price of

the land to the state, the defendants be required to convey to plaintiff's their several interests in said land acquired under the patent.

The answer of the defendants admitted the issuance of the certificate of purchase to Davis, and, among other defenses, set up the judgment in the case of the *People* v. *Davis* of December 27, 1892, foreclosing and annulling his certificate of purchase; the motion and order of December 31, 1900, setting aside and vacating said judgment; the proceedings and order of November 11, 1901, vacating this latter order, and the fact of an appeal therefrom to this court and the judgment of affirmance here of the order of November 11, 1901, and averred that the said judgment of December 28, 1892, was "duly given and made and entered" and was a valid, subsisting and final judgment under which said certificate of purchase issued to Davis was foreclosed and annulled and all his rights thereunder terminated, and further, that the judgment of this court on the appeal from the order of November 11, 1901, was *res adjudicata* as to the validity of said original judgment.

The court found in favor of the defendants as to the validity and effect of these respective judgments and entered a decree in their favor sustaining the validity of the patent to the defendant Mary A. Bonynge.

On this appeal the main questions presented for review are, whether the finding that the original judgment of December 28, 1892, was a valid judgment, and the further finding, that the judgment on appeal here from the order above referred to was *res adjudicata* estopping the defendants from attacking it in this action, are supported by the evidence.

In the view we take of this case it is unnecessary to consider both of these points because we are satisfied that the judgment rendered here on the appeal from the order of November 11, 1901, (*People* v. *Davis,* 143 Cal. 673, [77 Pac. 651]), is *res adjudicata* on the subject of the validity of the original judgment and conclusive against collateral attack upon it which was sought to be made in the present action in the court below.

It is insisted by appellants that on the appeal from the order of November 11, 1901, (to be referred to hereafter as the Davis appeal), this court "merely determined that Davis (or his successor in interest Lake, one of the plaintiffs here) could not move to set aside the judgment more than one year after

its entry unless the judgment was void on its face. It did not determine the question whether or not the court had acquired jurisdiction of the person of Davis." But in this assertion we are satisfied that counsel is in error, and that the very question which was determined, and which was the essential point involved on the appeal was whether the original judgment entered against Davis was or was not valid. The appeal which was taken from the order of November 11, 1901, vacating the order of December 31, 1900, which had set aside the judgment against Davis may have involved incidentally the question whether the order setting aside the original judgment was invalid because application therefor had not been made within a year after its entry (Code Civ. Proc., sec. 473), but it involved principally the question whether the order could be supported on the ground asserted by appellant on that appeal,—namely, that an inspection of the judgment-roll showed on its face that the judgment was invalid.

The record on that appeal showed that the motion of December 31, 1900, was based on the judgment-roll and records in the case with the affidavits of Lake, Gilman, and Davis, and the ground generally alleged was that the judgment was void on its face, accompanied by the particular ground that there was no service of summons either actual or constructive made on Davis and that for these reasons and on other grounds the judgment was void. On the hearing the superior court made a general order setting the judgment aside. The record further shows that the motion upon which the order of November 11, 1901, setting aside the previous order of December 31, 1900, was that the original judgment against Davis was valid on its face and that the court had no jurisdiction to make an order setting it aside. So it is apparent that the hearing here of the Davis appeal involved not merely whether the superior court had jurisdiction after the lapse of more than one year to set aside the judgment for an asserted failure to serve the defendant Davis, but whether the judgment which was attacked on the original motion of December 31, 1900, was void upon the face of the judgment-roll on account of a failure to show that the court had acquired jurisdiction of defendant Davis by service of process. This latter question was essentially involved in the appeal because if from an inspection of the judgment-roll by the superior court the judgment in question

appeared to be void on its face that court had jurisdiction to set it aside at any time and it would have been error to have made the order of November 11, 1901, appealed from annulling the previous order doing so. And the very matter which the court in the Davis appeal, in the discussion of that appeal addressed itself to, was a determination of whether the judgment of the superior court entered on December 27, 1892, was or was not void. The court after discussing the powers generally of a court to set aside judgments and disposing of some other questions presented on the appeal, and after declaring that "what has been said disposes of all questions on this appeal except the single one as to whether the original judgment was void upon its face" proceeded to discuss and determine that question. (143 Cal. 677, [77 Pac. 652].) It said: "Was the judgment void upon its face? This question, as we have already seen, must be determined from an inspection of the judgment-roll. Under the statute as it was at the time of the entry of this judgment and for several years thereafter, the judgment-roll in cases where the complaint was not answered by any defendant, consisted of the summons, with the affidavit and proof of service, and the complaint, with a memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment. (Code Civ. Proc., sec. 670, subd. 1, as it stood prior to amendment of 1895, [Stats. 1895, p. 45].)

"Neither the affidavit for publication of summons nor the order for publication constituted any part of the judgment-roll under the law then in force, and cannot therefore be considered, notwithstanding the fact that they have been placed in the bill of exceptions. (*People* v. *Temple,* 103 Cal. 447, 453, [37 Pac. 414].) The case in which the judgment in question was rendered was one in which service by publication was authorized, and it must be conclusively presumed, upon the attack made upon it, that there was a sufficient affidavit and a sufficient order. There is therefore nothing in the point that the affidavit and order for publication were insufficient.

"It is further urged in support of the claim that the judgment was void on its face; that the summons was not published as issued.

"While a comparison of the original summons with the copy

attached to the affidavit of publication shows a few dis-
crepancies, they are very slight, and not capable of misleading
the defendant as to the nature of the proceeding, the land
affected and the relief demanded. As was said in regard to a
similar objection in *Sharp* v. *Daugney,* 33 Cal. 505, 513, 'In
sense and meaning the original summons and the published
version of it are identical, and that is enough.'

"It is further urged that the original summons was returned
and filed with the clerk five days after the date of its issuance,
and that the attempted service by publication was thereafter
had without withdrawing it from the files or having an *alias*
summons issued. There is nothing in this contention. The
judgment-roll does not show that no *alias* summons was issued,
but simply contains the original summons, with the return of
the sheriff, that he was unable to find the defendant, dated and
filed August 30, 1892, and the affidavit of publication, which
does not show that an *alias* summons was not issued prior to
the publication. The judgment recites that the defendant
had been 'regularly served with process as required by law.'
There is nothing in the judgment-roll tending to rebut this
recital of the judgment. (*People* v. *Harrison,* 84 Cal. 609,
[24 Pac. 311]; *Whitney* v. *Daggett,* 108 Cal. 235, [41 Pac.
471].)

"These are the only points made in favor of the contention
that the judgment was void upon its face. The lower court
did not err in holding that the judgment was upon its face a
valid judgment, and that the order purporting to vacate it,
made after the lapse of eight years, was a mere nullity and
should be vacated."

From this quotation as to what was decided in that case it
appears clearly that the pivotal question upon which the
validity of the order under review in the Davis appeal turned
was whether the judgment-roll showed that the trial court had
acquired jurisdiction of the defendant. It was held that it
had and such decision is *res adjudicata.* Under this decision
the *status* of the judgment as a valid one was settled forever
as against any collateral attack upon it by the parties to the
appeal or their privies. Gilman had succeeded by the agree-
ment of December 7, 1900, to the rights of Davis under his
certificate of purchase and on the same day conveyed to Snow
an undivided one fourth and to Lake an undivided one-half

interest in said certificate and the lands described in it. An agreement was entered into at the same time by Snow and Lake with Gilman which recited that "as the Davis certificate had been foreclosed and a decree annulling the same entered in a suit brought for that purpose it is necessary in order to maintain the claim of present title under said certificate of purchase to take proceedings to set aside and annul the judgment and decree of foreclosure in said suit entered" and that Snow and Lake agreed "at their own expense and cost to take all necessary proceedings . . . to claim, assert and maintain the title to said land as it originally accrued . . . by reason of said certificate of purchase and to recover and take the same as if no judgment of foreclosure had been entered," and that the services to be performed by them towards that end was the true consideration for the conveyance from Gilman to them. Pursuant to that agreement Lake moved the court to vacate the judgment and took the appeal from the order annulling the previous order obtained by him vacating it. As successors of Davis through mesne conveyances Lake, Gilman, and Snow as their interests were injuriously affected by the judgment in *People* v. *Davis,* although not parties to the original action, had the right to make themselves parties to that action by moving to set aside the judgment and on the denial of their motion had a right to appeal to have the proceedings of which they complained reviewed not only for excess of jurisdiction but for error. (*Elliott* v. *Superior Court,* 144 Cal. 501, [103 Am. St. Rep. 102, 77 Pac. 1109].) In making himself a party by moving thereunder and taking that appeal pursuant to the agreement made by him and Snow with Gilman, Lake was acting in behalf of Gilman, Snow, and himself in attacking the validity of the judgment in favor of the People of the state, plaintiff in that action, and under and through whom the respondent here, Mary A. Bonynge, acquired her title. While the parties of record on appeal were the People, Davis, and Lake, still the parties to the present action in which the conclusiveness of the judgment on appeal is involved are the same, or are parties who were in privity with them as parties to that appeal and so are bound by the judgment therein. As said in *Koehler* v. *Holt Mfg. Co.,* 146 Cal. 335, 337, [80 Pac. 73] : "The case comes clearly within the principle that a judgment operates as an estoppel

to preclude the 'parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them has been, on such issue joined, solemnly found against them.'"

It is contended that because the decision in the Davis appeal was upon a motion that the principle of *res adjudicata* does not apply; that it can only apply where the decision is by final judgment in an independent action. This may be true where the appeal on the motion does not involve any substantial right of the parties or where the merits of the controversy are not in review upon the appeal and are undecided. When, however, a substantial right or the merits of the case are involved and determined the judgment is *res adjudicata*, notwithstanding the decision is made on an appeal from a motion.

Freeman on Judgments, section 323, declares: "The tendency of the recent adjudications is to inquire whether an issue or question has been in fact presented for decision and necessarily decided, and if so, to treat it as *res adjudicata*, though the decision is the determination of a motion or summary proceeding, and not of an independent action. This is especially true when the decision did not involve a mere question of the proper form or time of proceeding, but was the determination of a substantial matter of right, upon which the parties interested had a right to be heard upon issues of law or fact, or both, and these issues, or some of them, were necessarily decided by the court as the basis of the order which it finally entered granting or denying the relief sought."

In *Comm'rs of Wilson County* v. *McIntosh*, 30 Kan. 234, [1 Pac. 572], it is said: "We think there is a growing disposition to enlarge the scope of the doctrine of *res adjudicata*, and to place more regard on the substance of the decision than on the form of the proceedings. . . . It used to be the practice that no ruling of the trial court went up for review until after final judgment; any preliminary rulings, if erroneous, might up to that time be corrected by the trial court. Then it was assumed that a final examination in that tribunal had been had, and the whole record was ready to be transferred to the appellate court, and hence it was argued that no prior decision should be considered as final or as *res adjudicata*. . . . Now that the decision of a motion can be preserved in a separate

record and taken up by itself, presupposes a full and careful consideration in both the trial and the appellate courts; and when that is had, it would seem that the question thus separately and carefully considered should be finally disposed of, and not be thrown back for further litigation at the mere caprice of either party."

While the court in the excerpt from the opinion just quoted speaks of appeals from rulings made prior to the final judgment, the principle announced is equally applicable to appeals taken from orders after final judgment such as the order which was involved in the Davis appeal.

*Boylan* v. *Bock,* 60 Wash. 423, [111 Pac. 454], involved the point under consideration here. Judgment in a tax proceeding had been entered and a motion was made to vacate the judgment on the ground that no summons was served on the defendants and that the court was, therefore, without jurisdiction to enter the tax judgment. The motion was denied in the lower court for the reason that "the defendants should have appeared by petition and not by motion." An appeal was prosecuted from the order and affirmed, the court holding that as the judgment in the tax proceeding recited that due service of process was made on the defendants this was conclusive against alleged defects in the record. (*Bock* v. *Sanders,* 46 Wash. 462, [90 Pac. 597].) It will be noted that the order of the trial court denying the motion was based *solely on a ground of procedure* and the affirmance was on the merits. After this affirmance of the order an action was commenced to set aside the tax judgment on the same ground set out in the motion. Defendant pleaded the order denying the motion to vacate the judgment as a bar, which plea was sustained by the trial court. On appeal from the judgment the only question involved was the effect of the previous judgment of the superior court affirming the order denying the motion to vacate the judgment, and the court speaking with reference thereto said: "The affirmance was on the merits, however, and not upon the particular ground on which the order was based in the court below. . . . The appellant contends, however, that the former judgment was not on the merits for two reasons, and was therefore not a bar, first, because the motion to vacate was denied on the ground that the moving party had adopted the wrong procedure; and, second,

because the motion to vacate was based on the face of the record, whereas the present action was based on matters *dehors* the record. Conceding for the purpose of the argument that these distinctions are sound, they are not supported by the record. While the court below denied the first motion on the ground stated, this court passed on the merits of the application, regardless of the form of the action or proceeding; and an examination of the record in the two cases shows that the motion and accompanying affidavit filed on the first application set forth the identical grounds for vacating the judgment which are set forth as the basis for relief in the present complaint. Such being the case, the former judgment is a complete bar to this action."

The same situation is presented here as in the case cited. On the Davis appeal the decision was on the merits—the court determined that an inspection of the judgment-roll showed a recital of due service in the judgment and was conclusive evidence that the court had acquired jurisdiction of Davis and the judgment was valid as against any collateral attack.

Appellants in support of their position that a judgment rendered on a motion cannot be invoked as *res adjudicata* cite *Pioneer Land Co.* v. *Maddux*, 109 Cal. 633, [50 Am. St. Rep. 67, 42 Pac. 295] ; *Estudillo* v. *Security Land etc. Co.*, 149 Cal. 564, [87 Pac. 19] ; and *Bacon* v. *Bacon*, 150 Cal. 484, [89 Pac. 317].

In the first case cited the defendant pleaded as *res adjudicata* a judgment of affirmance by this court on an appeal from an order refusing to set aside a judgment annulling a certificate of purchase which was involved in that action. The superior court had denied the motion on the ground of laches in making it (*People* v. *Goodhue,* 80 Cal. 199, [22 Pac. 66]) and the order of denial was affirmed here on that same ground. No question as to the regularity or validity of the judgment was presented or decided on the appeal in the Goodhue case and, of course, the affirmance of the order there could not be invoked as *res adjudicata* on a matter which was neither involved nor decided.

In the two other cases cited the attack upon the decrees was not a collateral attack as here, but a direct attack upon them upon the ground that they had been procured, the one by fraud, the other by mistake. In such cases it is well established

that the principle of *res adjudicata* invoked here does not apply.

In addition to the points made and discussed appellants insist that the decision in the Davis appeal cannot be considered *res adjudicata* because the entire judgment-roll in the case of the *People* v. *Davis* was not before this court as they assert that there were not contained therein the affidavit and the order for·the publication of summons which, over the objection of the respondents, the court admitted in evidence in this case; that this affidavit for publication failed entirely to comply with the law as to what should be shown therein warranting an order for publication, and, hence, there was no authority for the publication of summons and that the presumption of jurisdiction from the recital in the judgment that defendant "was regularly served with process as required by law" is of no effect when the record shows what was actually done to give the court jurisdiction and that as so done it was insufficient in law to confer it.

This point of appellants is grounded solely on the claim that the affidavit and order for publication constitute part of the judgment-roll in *People* v. *Davis*. But they do not. In 1895 the legislature amended section 670 of the Code of Civil Procedure so as to thenceforth make the affidavit and order for publication a part of the judgment-roll, but when the judgment in *People* v. *Davis* was entered in 1892 these papers did not constitute any part of such judgment-roll. Under the code section as it existed then, the judgment-roll in a case where the complaint was not answered by any defendant, consisted of the summons, with the affidavit and proof of service, and the complaint, with a memorandum indorsed thereon that the default of the defendant in not answering was entered and a copy of the judgment. The judgment-roll as so made up was before this court on the Davis appeal and it was found on inspection of the face of that judgment-roll that the judgment was valid. In fact, it was expressly held there that the affidavit for publication and the order therefor constituted no part of the judgment-roll under the law in force when the judgment in question was entered. (*People* v. *Davis*, 143 Cal. 673, [77 Pac. 651] ; *People* v. *Temple*, 103 Cal. 447, [37 Pac. 414] ; *Estate of McNeil*, 155 Cal. 333, [100 Pac. 1086] ; *People* v. *Mulcahy*, 159 Cal. 34, [112 Pac. 853].)

The validity of the judgment is to be determined from the law in force when it is rendered and if valid then subsequent changes in the law cannot affect it. (*Railroad Co.* v. *Twombly*, 100 U. S. 78, [25 L. Ed. 550] ; *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687, [24 S. E. 269].)

It is further insisted by appellants that as this action is one in equity and the evidence introduced on the part of appellants and likewise by respondents shows that no sufficient affidavit was filed to warrant a substituted service and the affidavit of Davis shows that no personal service of process was made upon him, the court should have found that the judgment was void for failure to obtain jurisdiction to render it.

We may assume, purely for the purposes of this decision, that, while a party relying on a judgment which is valid on its face may successfully resist any attack upon it which is collateral and not direct, still where the attack might be resisted as collateral, if he admits facts which show that a service of summons, constructive or personal, was not made on the defendant to the judgment and allows evidence to be introduced without objection showing this fact, as it is then established that the judgment is void, it is the duty of the court to so declare. (*Hill* v. *City Cab etc. Co.*, 79 Cal. 188, [21 Pac. 728] ; *People* v. *Harrison*, 107 Cal. 541, [40 Pac. 956].)

But this rule has no application here. The respondents persistently resisted throughout the trial the offer of any evidence tending to a collateral attack on the judgment. The affidavit and order for publication were admitted in evidence over their objections and the affidavit of Davis was introduced by respondents not as independent evidence in the case, but as one of the various papers used on, and in relation to, the motion of December 31, 1900, to set aside the judgment in *People* v. *Davis* and in connection with the order therefor and the appeal from the order annulling and setting aside the latter order; all the papers in relation thereto, including the Davis affidavit, were offered and admitted for the purpose only of supporting the plea of respondents that the matter of the validity of the judgment in *People* v. *Davis* was *res adjudicata* by the decision in the Davis appeal.

While some other points are made on this appeal we do not think them of sufficient merit to require mention or discussion.

As the only appeal in this case is from the order denying the motion of appellants for a new trial, that order is affirmed.

Henshaw, J., Melvin, J., Shaw, J., Angellotti, J., and Sloss, J., concurred.

Rehearing denied.