[L. A. No. 17573.   In Bank.   Feb. 16, 1942.]

Estate of WILLIAM ROBINSON, Deceased. GLEN M. ROBINSON, as Administrator, etc., Appellant, v. MINNIE LEE HILL et al., Respondents.

Otto A. Gerth for Appellant.

Laurence B. Martin and Samuel Reisman for Respondents.

SHENK, J.—This is an appeal from an order setting aside an order granting letters of administration. Two notices of appeal and two bills of exception were filed by the administrator. They present the same questions for determination and will be considered as one appeal.

On June 1, 1937, Glen M. Robinson, a grandson of the decedent, William Robinson, filed in the Superior Court in Los Angeles County, a verified petition for letters of administration of the estate of his grandfather. The petition recited that the decedent died on or about the 15th day of December, 1935, in the county of Tippecanoe, State of Indiana; that he was a resident of that state; that he left estate in the county of Los Angeles, State of California, consisting of United States Government bonds of an unknown value believed to be in the possession of Minnie Lee Robinson, a daughter of the decedent and a resident of Los Angeles County; that the heirs of the decedent were D. E. Robinson, a son, aged 57, living in the city of Los Angeles, Minnie Lee Robinson, a daughter, aged 63, living in El Monte, Los Angeles County, and Edward Robinson, aged 65, a son, living in Lafayette, Indiana; and that the decedent left no will. Notice was given in accordance with law and there is no contention that the heirs did not receive actual notice, or that they did not have an opportunity to attend the hearing on the petition. The hearing was held without any objection to the granting of letters as requested, and an order granting the same was entered. No appeal was taken therefrom. On April 14, 1938, Glen M. Robinson qualified and letters of administration were issued to him.

On January 4, 1939, the administrator brought an action in the superior court in Los Angeles County against Minnie Lee Robinson and her daughter, Pauline Mann, and the latter's husband, Carl L. Mann, to recover possession of United

States Government bonds of approximately $40,000, or real estate or other property into which the same had been converted, under a claim that such property belonged to the estate of the decedent.

On March 11, 1939, Minnie Lee Robinson (now Minnie Lee Hill) and the Manns served a notice of motion to set aside the probate proceedings and to vacate the order appointing Glen M. Robinson as administrator on the ground that the court in Los Angeles County had no jurisdiction of the subject matter for the asserted reason that the decedent had no property in said county at the time of his death, and for alleged fraud practiced on the court by Glen M. Robinson. The affidavits of the moving parties stated that the decedent was a resident of Indiana at the time of his death and owned no property in California; that no probate proceedings had been commenced or were pending in the State of Indiana, and that certain criminal proceedings had been instituted in Indiana against Minnie Lee Hill and Pauline Mann concerning the alleged conversion of estate property but that the same had been dismissed; and that about six months after the death of William Robinson, Minnie Lee Hill and the Manns moved to California. The administrator opposed the granting of the motion. The affidavits of himself and of D. E. Robinson, son of the decedent living in Los Angeles County, averred that at the time of his death William Robinson was the owner of about $30,000 in Liberty Bonds and $9,000 in cash of which Minnie Lee Hill had obtained possession; that Minnie Lee Hill admitted to her brother in California that she had possession of such property and acknowledged that it was the property of the father's estate; also that she desired to divide the property with D. E. Robinson in equal shares so that Edward Robinson, the brother in Indiana, would receive no part of the estate, but that D. E. Robinson refused to enter into any such plan, agreement or division; that D. E. Robinson received monthly from Minnie Lee Hill one-third of the income from said bonds from the date of the death of the decedent until July, 1937. It was also averred that Minnie Lee Hill admitted that she had invested a portion of said cash and Liberty Bonds in income-producing real estate, known as Walnut Auto Court, situated in El Monte, California. The motion to set aside the probate proceedings was denied on April 5, 1939, and no appeal was taken from the order denying the same.

On April 10, 1939, Glen M. Robinson filed his first account as administrator wherein he reported to the court the claim of the estate against Minnie Lee Hill and the Manns and filed a description of the property, including the real estate purchased by Minnie Lee Hill and claimed to be a part of the estate. He also reported the commencement of the action in the Superior Court in Los Angeles County for the recovery of the property, and the filing of a *lis pendens*. Notice of the hearing on the account and report was given and on May 1, 1939, the court entered an order approving and settling the account and report and no appeal therefrom was taken.

On January 31, 1940, Minnie Lee Hill and the Manns again moved the court for an order setting aside the probate proceedings and vacating the order appointing Glen M. Robinson as administrator. The motion was made on the same grounds as the former motion, and on the additional ground that at the time of the appointment of Glen M. Robinson as administrator there was pending in Hendricks County, Indiana, a proceeding to administer the estate of the decedent which had never been terminated, all of which had not been revealed to the court by said Glen M. Robinson at the time of his application for letters of administration. It was shown that special letters of administration were issued to one Edgar M. Blessing, an attorney, in Indiana, on the petition of Clay D. Robinson, a grandson of the decedent; that the special administrator sought to examine Minnie Lee Hill and Pauline Mann in a proceeding to discover assets in the course of the administration of the estate; that in said proceeding Minnie Lee Hill and Pauline Mann denied any knowledge of estate property; that subsequently they were accused by the State of Indiana of falsely testifying in said proceeding, but for lack of sufficient evidence the criminal proceeding was dismissed.

The administrator also resisted the granting of the second motion to set aside the probate proceedings on the ground that the jurisdictional facts had theretofore been determined by the court in prior proceedings and that said determinations had become final and could not be attacked collaterally, as well as on the ground that the property in the possession of Minnie Lee Hill and claimed to belong to the estate was property of the decedent subject to administration in California. On March 6, 1940, the court granted the motion of January 31, 1940, to vacate the order appointing Glen M. Robinson as administrator, and this appeal is from that order.

The administrator as appellant urges that the prior proceedings are final and conclusive and compel a reversal of the order. He relies on *Estate of Estrem,* 16 Cal. (2d) 563 [107 Pac. (2d) 36]. In that case the Superior Court in Alameda County ordered the admission to probate of a will of the decedent on a petition alleging that the decedent had died in Belgium, a resident of France, and had left estate in the counties of Alameda and Fresno in the State of California. No appeal was taken from the order admitting the will to probate and the order became final. On a subsequent motion to set aside the order made pursuant to section 473 of the Code of Civil Procedure, it appeared that a later will had been admitted to probate in France by a decree prior in time to the order of the court in Alameda County, and that there was no property of the estate in Alameda County. The appeal in that case was from an order denying the motion. This court rejected the contention that a jurisdictional fact appearing outside the judgment roll of the order sought to be vacated, namely, the fact of an absence of property in Alameda County, could be considered to establish the invalidity of an order otherwise valid on its face. It was said at page 570 and following: "The jurisdiction of the court to render a judgment or order often depends upon the preliminary determination of certain jurisdictional facts. When all parties affected are actually or constructively before it with an opportunity to assert their contentions and to appeal from an adverse ruling, the finding of such facts by the court may be reviewed only by an appeal or other timely and available direct attack. This finding cannot be attacked in a proceeding under paragraph 4 of section 473 to have the judgment declared void, nor can it be attacked in any collateral proceeding. In such situations the finding is as conclusive as any other finding of fact by the court in the original proceeding. . . . In the present case the Superior Court of Alameda County, in admitting the will to probate, necessarily found in accordance with the allegations of the petition that the decedent had left property in Alameda County. The appellants were served with notice of such proceeding and had full opportunity to come in and contest such a finding. If the finding was erroneous, it could have been attacked on appeal. The time for appeal having elapsed, the finding has become conclusive." The court "cannot, after time for appeal has elapsed, set aside a judgment or order on the ground

that the court lacked jurisdiction, when the facts establishing such jurisdiction were found by the court in the original proceedings, and all adverse parties were properly served with notice and had the opportunity to present their objections." The order denying the motion to vacate was affirmed. (See, also, *Security-First National Bank* v. *Superior Court,* 1 Cal. (2d) 749 [37 Pac. (2d) 69].)

There is no distinction between the Estrem case and the present case which would justify a refusal to follow the well-settled doctrine of conclusiveness of such an order as is here involved.

The respondents rely on the following italicized language of section 302 of the Probate Code, which reads: *"In the absence of fraud in its procurement,* an order of the superior court granting letters, when it becomes final, is a conclusive determination of the jurisdiction of the court (except when based upon the erroneous assumption of death), and cannot be collaterally attacked." We need observe only that the fraud mentioned in that code provision refers to extrinsic fraud. As indicated in the Estrem decision a case of extrinsic fraud is not presented when all the parties entitled to notice have been notified and have been given an opportunity to appear and contest the issuance of letters, and when as here, the letters have been issued on a showing of the required jurisdictional facts even though it may thereafter develop that the decedent "left" no property in the county or that a probate proceeding in another state or county was pending.

The respondents also rely on *Lake* v. *Bonynge,* 161 Cal. 120 [118 Pac. 535], and *Estate of Ivory,* 37 Cal. App. (2d) 22 [98 Pac. (2d) 761], as support for their contention that an admission by the adverse party of a fact showing fraud or lack of jurisdiction would be sufficient justification for vacating the order on collateral attack. In *Lake* v. *Bonynge,* it was assumed that, on collateral attack, an admission by the adverse party that service of summons was not made on the defendant would be a sufficient basis upon which to decree the invalidity of the judgment. But, as observed in that case, the principle has no application where the record contains no such admission. Here the administrator throughout resisted the motion to set aside the order, and at no time was a statement made by him or on his behalf which could be construed as an admission of fraud such as would require the court to declare the order void. The implied findings that

the decedent left property in Los Angeles County and that administrative proceedings were not pending in another state or country, even if admitted to be erroneous, would not be sufficient to disturb the finality of the otherwise valid order. ■ If it should develop that there is no property of any kind belonging to the estate and subject to administration in the State of California, the appropriate course would be the filing of a petition signed and filed by the administrator or on his behalf showing such fact and praying for termination of the proceedings. (Section 1068, Probate Code.) The motion to vacate the probate proceeding which was resisted by the administrator on the ground that there is property of the estate subject to administration in California may not be construed as a proceeding pursuant to that section.

The order is reversed.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.