[Civ. Nos. 31090, 32548.   Second Dist., Div. One.   Mar. 4, 1969.]

RUTH B. ROSENTHAL, Plaintiff and Respondent, v. JEROME B. ROSENTHAL, Defendant and Appellant.

Munger, Tolles, Hills & Rickershauser and Christian E. Markey, Jr., for Defendant and Appellant.

Crowley & Goffin and George M. Goffin for Plaintiff and Respondent.

FOURT, J.—Jerome B. Rosenthal, an attorney, has filed appeals from two orders of the superior court issued after a final appellate determination which settled his financial obligations to his former wife pursuant to a decree of divorce. He appeals from an order of October 5, 1966, denying him permanent restraining orders against collection of certain amounts and an order of December 6, 1966, charging his law partnership interest for these obligations.

The appellate court previously affirmed orders of the trial court which awarded costs on appeal in the original divorce action to Jerome's former wife, Ruth; directed the court-appointed receiver to pay from community funds Ruth's counsel fees, costs and accountant's fees; and directed that Jerome pay from his share of the community property the amount of $3,000 pursuant to an earlier order. (*Rosenthal* v. *Rosenthal,* 240 Cal.App.2d 927 [50 Cal.Rptr. 385].) The court of appeal also modified the trial court's order to delete from community liabilities approximately $25,000 alleged as Jerome's share of his law partnership deficit and to add $10,467.58 as his share of the law partnership net worth; the court further ordered Jerome to pay Ruth out of current earnings the value of her share of the law partnership interest with interest from the date of the interlocutory judgment.

Following the return of the remittitur, Ruth's counsel threatened to attempt to collect the sums due under the court's order from whatever sources might be available, whether community or separate. Jerome obtained a temporary restraining order to prevent Ruth's counsel from proceeding as threatened. At the hearing on the permanent injunction Jerome attempted to prove: (1) that by his own accounting he had, since the date of the divorce, advanced to the community from separate funds about $73,000 which benefited Ruth, and (2) that Ruth had taken at the time of their separation and continued to use community personal property valued in excess of $6,000. These contributions he claimed should be credited against his obligations under the court order. The court thereafter entered its order restraining Ruth's counsel from levying upon Jerome's property to collect attorney fees, court costs, accountant's fees, and the $3,000 claim, all properly payable from property in the hands of the receiver, but denied such order as to the appeal costs

($7,572.70) and Ruth's interest in the law partnership ($5,233.79).

Accordingly, Ruth noticed a motion for a charging order to collect from Jerome's law partnership interest the $1,753.47 balance of her appeal costs (the clerk having paid over $5,819.33 earlier deposited by Jerome for this purpose) and the $5,233.79 representing her one half of the value of the law partnership interest. Jerome once again contended and attempted to prove that the value of his advances and Ruth's use of personal property exceeded and should be applied to satisfy these obligations. The court nonetheless entered its order charging his law partnership interest with the full amount of both of these debts. From each of the foregoing court orders Jerome appeals.

Jerome's contentions on appeal are thàt the trial court abused its discretion in refusing to receive and consider evidence relating to his ''constructive payment'' of these amounts by either or both (a) voluntary advances to benefit the community and (b) Ruth's use of community personalty pending final distribution of the community to the respective parties. The fundamental issue, however, is whether appellant may be permitted, following a final appellate determination of the rights and liabilities of the parties, to relitigate such issues and whether this appeal is not in fact improper and frivolous.

As the Court of Appeal earlier observed, ''The trial court granted both parties a divorce, determined the extent of the community assets and liabilities, and appointed a receiver to liquidate the community property, pay the community debts, and divide the proceeds.'' (*Rosenthal* v. *Rosenthal, supra,* 240 Cal.App.2d 927, 929.) Although it then appeared that the community estate was, or well might prove to be, insolvent, the receiver was directed to liquidate the assets and divide the proceeds equally between the parties. ''Liquidation of the community estate was not entrusted to the husband because, although he was earning over $100,000 a year from his law practice, he insisted on pouring large amounts of money into community oil speculations, thus draining the community estate of its assets with little chance of profit in the foreseeable future.'' (*Rosenthal* v. *Rosenthal, supra,* 932-933.)

Appellant now contends that through his astute exercise of judgment and the advance of approximately $73,000 in separate funds he has substantially reduced the deficit balance of the community estate. ''Quite clearly the estate was insolvent

on March 20, 1963, and $152,121.46 less so on August 31, 1966," he declares in his appellate brief. Be that as it may, he has not thereby altered his own financial obligations to his former wife and the community estate remains insolvent. Appellant misconceives his remedy for these alleged advances since he is entitled to present to the receiver at the time appointed for distribution of the community his claim for reimbursement.

Jerome further contends that Ruth was paid because she retained in her possession and for her use certain items of community property furniture and furnishings. Ruth's transitory enjoyment of such items of personal property, regardless of their intrinsic value, cannot be said to discharge Jerome's obligation for the payment of money to her. Since both of the claims asserted by Jerome were irrelevant to the collection proceedings, the evidence relating thereto was properly refused by the trial court.

Moreover, the petition for rehearing and petitions for hearing by the California Supreme Court in the earlier appeal were denied and that decision has become final. (*Rosenthal* v. *Rosenthal, supra,* 240 Cal.App.2d 927.) Appellant cannot now be heard to argue that this court should ". . . remand the matter to the trial court with instructions to (a) treat the former law partnership interest as an asset of the community estate valued at $10,467.58 and (b) enjoin further proceedings by Ruth to collect money for her own account or on account of her attorney for costs until such time as the receiver has settled the estate, liquidated the assets, and paid creditors?" ██ "Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction." (*Auto Equity Sales, Inc.* v. *Superior Court,* 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) These appeals constitute an attempt to assert an improper collateral attack on a judgment which has become final. (*Lake* v. *Bonynge,* 161 Cal. 120 [118 P. 535]; *People* v. *Scofield,* 249 Cal.App.2d 727 [57 Cal.Rptr. 818].)

The orders appealed from are, and each is, affirmed.

Wood, P. J., and Lillie, J., concurred.