GEORGE G. PRESBURY, Respondent, *v.* DAVID P. HULL, Appellant.

*Crimes — Judgment.* — The statute of this State which suspends all the civil rights of a party sentenced to the penitentiary for a term less than life, applies only to sentences by the State Courts.

*Appeal from St. Louis Court of Common Pleas.*

This is an action on a bond of indemnity, executed by Marcus A. Wolff as principal, and Hull as security.   The ac-

3—VOL. XXXIV.

tion was instituted against both; but after the evidence was heard, the respondent dismissed as to the principal.

The circumstances under which the bond was made were as follows: The respondent and Wolff had been engaged in the money broker and exchange business, in the city of St. Louis, under the name of Presbury & Co. On the 15th day of October, 1855, Marcus A. Wolff was indicted, in the United States District Court for the district of Missouri, for transmitting fraudulent applications for land warrants; and on the 3d day of June, 1856, he was convicted, and on the 6th day of the same month he was sentenced by the court to one year's imprisonment, at hard labor, in the penitentiary of this State. Afterwards, and whilst under this conviction and sentence, the respondent undertook to have a settlement with him of their partnership affairs, in which it seems that a balance sheet was exhibited which showed Wolff's interest to be four thousand dollars. Respondent proposed and did pay over the four thousand dollars. The bond was made to indemnify him for any reclamations, &c., that might be made of him on account of any of the matters contained and recited in the balance sheet. This alleged settlement was on the 30th June, 1856, and purported to be final. The recital of the condition of the bond is to the effect that Wolff and Hull will indemnify the respondent "of and from all loss or damage which he may sustain by reason of the nonpayment and final loss of any portion of the bills receivable aforesaid, or any loss from reclamations or otherwise which may accrue in the final settlement and closing of any of the accounts on the books of said firm as shown by the balance sheet thereof of the 30th day of June, now in the possession of each of the parties, to the extent of the interest of the said Wolff in said business, which interest was one-third."

This suit is to recover indemnity for restitution made by the respondent to two holders of land warrants, purchased by them from the firm, as alleged in the petition, one in 1854 and the other in 1855, which, it is alleged, were cancelled by the Department of the Interior of the United States, for fraud

in their procurement.   These warrants were not contained in the balance sheet on which the bond was based.

The defendant offered in evidence a transcript from the United States District Court of the proceedings of the indictment, conviction and sentence of Wolff to the penitentiary for one year   The court refused the transcript, and the defendant excepted.

The defendant asked the following instruction, which was refused :

"The jury are instructed that, under the proof in the case, the refunding by plaintiff to the respective holders of said land warrants was a voluntary act on part of plaintiff for which defendants are not liable, and the jury must therefore find for defendants."

The following instruction was given for defendants :

" If the jury believe from the evidence that the warrants in question were sold by plaintiff prior to the formation of the partnership between him and defendant Wolff, then such sales are not covered by the bond sued on, and the jury must find for the defendants."

The following instruction for defendants was refused :

" If the jury believe from the evidence that the land warrants mentioned in the petition were not included in the balance sheet of the 30th day of June, mentioned in the condition of the bond, then such warrants are not covered by the bond sued on, and the jury will find for defendants."

The court, on its own motion, gave an explanatory or supplemental instruction qualifying the last, as follows :

" This instruction is refused, the court being of opinion that it is sufficient, if the warrants were sold by Presbury & Co., and that the proceeds went into the general account, and so were carried forward with the settlement of June 30, above mentioned."

The court gave judgment for plaintiff.

*Decker & Voorhis*, for appellant.

I. The court ought to have admitted the transcript offered

by the defendant. The proceedings of the Federal courts are binding on the State courts. Wolff's crime was committed in this State, and against the laws as well of this State as of the United States. (1 R. C. 1855, p. 646, § 45–47.)

II. His conviction and sentence, therefore, for a felony committed in this State, and against the laws of this State, in the Federal court, is followed by the disabilities imposed by the statutes of the State, which is a suspension of all his civil rights during the term of his imprisonment in the penitentiary, and the forfeiture of public office and trust, authority and power; his rights, civil and political, were suspended. (1 R. C. 1855, p. 642, § 22.)

III. There can be no doubt that a person convicted in the State courts, under our laws, and sentenced to imprisonment in the penitentiary for life, is *civiliter mortuus*. (1 R. C. 1855, p. 642, § 22.)

IV. And his estate, property and effects are to be administered upon as if he were naturally dead. (2 R. C. 1855, p. 1212, § 1.)

V. Wolff was *civiliter mortuus* during the time for which he was imprisoned. All his civil rights were suspended. (Coll. on Part. 99, § 114.)

VI. The agreement set up by Presbury concerning the settlement of June 30, 1856, is a mere *nudum pactum*. Wolff could not be a party to the bond sued on, which was based on that agreement of the settlement. The bond is void. The law imparted notice to Presbury that Wolff was incapacitated, so that his payment of the four thousand dollars was a voluntary act and raised no obligation on any one. Then, as Wolff could make no contract concerning the closing up of the partnership, and there could be none, there was no promise or engagement of a principal upon which to raise the contract of suretyship; he could therefore have no accessory, and the bond is void as to Hull. (1 Par. on Cont. 493; Add. on Cont. 652; Chit. on Cont. 499; 1 Poth. on Obl. 204–6 & 229, t. p.)

*1. T. Wise,* for respondent.

I. A person convicted of felony, and under sentence, is liable on suit brought or otherwise, unless the liability is affected by statute; and so he is liable on his bond in this case, having received full consideration therefor.  (Coffin v. Gunner, 2 L. Ray. 1572; Clatner v. Sherwood, 6 John. Ch. R. 118; Ramsden v. McDonald, 1 Wils. 217.)

II. If Wolff is liable on his bond, then Hull is liable, even although he had joined in the bond as a security only.

III. A conviction for felony makes no forfeiture or corruption of blood. (Const. of Mo., Art. xiii., § 15; Const. of U. S., Art. iii., § 3; R. C. of Mo., p. 642, § 22, 23, 24, 26.)

IV. The statutes as to the *status* of convicts does not apply to the *status* of Wolff, this being a Federal conviction, the effect of which cannot be enlarged or changed by a State statute. (R. C., p. 1212.)

V. Even if it did, no statute can, in addition to the sentence of conviction, also take away from a convict his civil existence. It is against the plain letter and spirit of the constitution, Federal and State.

VI. Even if the position taken by the defendant that Wolff was incompetent, by reason of his disability, to execute a valid bond, Hull is none the less liable, as he joined in the bond, not as a surety of and for Wolff, but as a joint maker, so that he is liable in any event. (Brown v. Johnston, 13 Grat. 651; Chandler v. Parks, 3 Esp. 76; Jeffrey v. Freban, 5 Esp. 47.)

BATES, Judge, delivered the opinion of the court.

The first instruction was properly refused because it required the court to determine a question of fact in stating that the refunding by the plaintiff to the holders of the land warrants was a voluntary act.

The record does not show that there was any error in the refusal of the third instruction. The balance sheet is not in the record, and we presume that the court below understood it correctly.

The record does not show what were the grounds of objection to the deposition of Perkins, and we therefore will not look into objections stated here.

The transcript of the record of the conviction of Wolff of a crime, and judgment thereon, by the Circuit Court of the United States for the Missouri district were properly rejected.

The statute of Missouri, which enacts that a sentence of imprisonment in the penitentiary for a term of less than life, suspends all civil rights of the person so sentenced during the term thereof, applies only to sentences in the State courts. We know of no similar act as to sentences by the Federal courts, and without such act there is no such suspension. A sentence for life even would not have the effect of making the convict civilly dead. (Platner v. Sherwood, 6 John. Chy. 118.) Here the sentence was for one year.

It is of no consequence that Wolff's offence might have been punished by a State court (if it be so); for it is not the fact of criminality which, in any case, suspends his rights, but the conviction and sentence to the penitentiary.

Judgment affirmed. Judges Bay and Dryden concur.