### MARY L. HANSON *vs.* JOHN A. HANSON.

A man living with his wife in the county of N. was sentenced to be confined in the state prison in the county of M. for six years, and was imprisoned accordingly; his wife moved into the county of S.; and he was afterwards adjudged bankrupt and joined with his assignee in the sale of his homestead in the county of N. *Held*, that while in prison he was "still living" in the county of N., within the meaning of the Gen. Sts. *c.* 107, § 14, and that a libel for divorce against him must be heard in that county.

LIBEL for divorce from the bond of matrimony for the sentence of the libellee to imprisonment at hard labor for more than five years. At the hearing before *Gray*, J., the facts appeared to be as follows:

" The parties were married on September 28, 1858, and thereafterward lived together, as husband and wife, at West Roxbury in the county of Norfolk, until November 25, 1871, when the libellee was arrested on a warrant issued against him for forgery, taken to Boston in this county, imprisoned there, and at January term 1872 of the Superior Court convicted of forgery, and sentenced to be punished therefor by confinement in the state prison in Charlestown in the county of Middlesex, for six years, of which one day was to be in solitary imprisonment and the residue at hard labor. He has ever since been imprisoned there in execution of that sentence. On November 29, the libellant left her former residence in West Roxbury and, with her children, went to the home of her father, in Boston, where she has ever since lived. The libellee was afterward adjudged a bankrupt by the District Court of the United States; his assignees in bankruptcy sold and conveyed his homestead and real estate in the county of Norfolk; he executed a release of all his interest therein to the purchaser; and he has never since his arrest actually lived in the county of Norfolk."

The judge reported the case for the consideration of the full court. If upon the facts stated the libel might be heard and determined in this county, then a divorce absolute from the bond of matrimony to be decreed; otherwise, notice to be given to the libellee to appear and answer at a term of this court to be held

in the county of Norfolk; or such other order or decree to be made as law and justice might require."

*S. Bartlett*, for the libellant.

No counsel appeared for the libellee.

GRAY, J. By the Gen. Sts. *c.* 107, § 19, a libel for divorce may be presented to the court and a summons issued thereon in any county. But by § 13, it must be heard and determined in the court held for the county in which "the parties or one of them live;" and by § 14, "when the libellant has left the county in which the parties have lived together, the adverse party still living therein, the libel shall be heard and determined in the court held for that county." The only question reserved by the report is, whether, under the provisions of these two sections, this libel may be heard and determined in this county, or, in other words, whether the libellee is, within the meaning of these provisions, "still living" in the county of Norfolk. We are all of opinion that he is, and that the word "living," in this statute, is equivalent to "residing" or "having a domicil," and that this construction has been, by necessary inference, settled by the decisions of the court upon the effect of the same words in the section next preceding.

By that section, § 12, (except "when the libellant has resided in this state five consecutive years next preceding the time of filing the libel,") "no divorce shall be decreed for any cause, if the parties have never lived together as husband and wife in this state ; nor for any cause occurring in any other state or country, unless before such cause occurred the parties had lived together as husband and wife in this state, and one of them lived in this state when the cause occurred." It has been adjudged, under the second part of that section, that where a husband and wife left their domicil in this state with the intention of making their domicil elsewhere, and, while temporarily residing together at an intermediate place, the wife left the husband on account of his cruelty towards her there, and returned to her former home in this state, she might maintain a libel for a divorce here, upon the ground that she "lived in this state when the cause occurred." *Shaw* v. *Shaw*, 98 Mass. 158. It has also been adjudged that a

husband and wife who had for some time resided and cohabited together in this Commonwealth, without any intention of making their domicil here, had "never lived together as husband and wife in this state" within the meaning of the first part of that section. *Ross* v. *Ross*, 103 Mass. 575. *Fansler* v. *Fansler*, Ib. 577 note. The meaning thus attached to the word "living" in § 12 must adhere to the same word in §§ 13, 14. Any other construction would introduce irreconcilable inconsistency and confusion in the administration of our divorce act.

It follows that the libellee, while imprisoned in the state prison in the county of Middlesex, still retained his domicil in the county of Norfolk, not only for all purposes of taxation and settlement, and the exercise of political rights in case of his pardon and release from imprisonment, and of suing and being sued in an action at law, under the Gen. Sts. *c.* 123, § 1, but also for the purposes of ascertaining where a libel for divorce against him should be tried. His arrest and imprisonment for crime, and the sale, with his concurrence, of his homestead after he had been so imprisoned, and after his wife and family had removed from it, can have no effect to change his domicil for any purpose.

The result is, that this libel cannot be heard and determined in this county, and that the clerk must issue a

*New summons returnable in Norfolk.*