MARY L. BANISTER *vs.* FOSTER L. BANISTER.

Worcester.    September 30, 1889. — November 30, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Divorce — Libel — Venue.*

The Pub. Sts. c. 146, § 6, relative to the hearing of libels for divorce, in providing that, " when the libellant has left the county in which the parties have lived together, the adverse party still living therein, the libel shall be heard and determined in the court held for that county," refer to the county in which the parties last lived together.

The parties to a libel for divorce resided for several years in the county of W. Subsequently the husband removed his residence to the county of N., where he was joined by his wife. The following year she left him and returned to the county of W. to live, and there filed the libel; and he continued to live in the county of N. when the libel was brought and heard. *Held,* that the libel must be heard and determined in the county of N.

LIBEL for a divorce, filed February 13, 1889, in the Superior Court in and for the county of Worcester, by a wife against her husband, for adultery. Hearing before *Blodgett,* J., who allowed a bill of exceptions, which, so far as material, is as follows.

The parties were married at Fitchburg, in the county of Worcester, on May 22, 1873, and lived there together as husband and wife until April, 1886, in which month the libellee went to Quincy in the county of Norfolk to work. The libellant with their children joined the libellee in Quincy a few months later, and there lived with him until March or April, 1887, at which time she returned with her children to Fitchburg. In November, 1887, she again joined the libellee in Quincy, but remained there with him but two or three days, after which she returned to Fitchburg, where she has since resided.

The judge found that the libellant always considered Fitchburg as her residence, but that the libellee as early as August

1886, ceased to have any intention of returning to Fitchburg to reside; that thereafter he did reside in Quincy, with the intention of making it his permanent residence; that the parties lived together in the county of Norfolk; and that the libellee was living there when the libel was brought.

Upon these facts the judge ruled that the libel could not be heard and determined in the county of Worcester, and ordered the libel to be dismissed, without prejudice. The libellant alleged exceptions.

*S. L. Graves,* for the libellant.

No counsel appeared for the libellee.

C. ALLEN, J. The Pub. Sts. c. 146, § 6, provide that, " when the libellant has left the county in which the parties have lived together, the adverse party still living therein, the libel shall be heard and determined in the court held for that county." This obviously means, when the libellant has left the county in which the parties have last lived together. These parties last lived together in Norfolk County, the place where unquestionably the libellee had his domicil, and at the time when this libel was brought, as well as when it was heard, he still lived there. By the plain meaning of the statute, the libel must be heard and determined in that county.

*Exceptions overruled.*