GRAY, Appellant, v. GRAY, Respondent.

**St. Louis Court of Appeals, February 16, 1904.**

1. **CIVIL DEATH OF CONVICT: Right to Sue One Convicted of Crime.** The civil death which attaches, under section 2382, Revised Statutes of 1899, to a person convicted of an infamous crime, destroys his right to sue or make contracts, but does not protect him against the suits of others.

2. ———: ———: **DIVORCE.** Section 2921, Revised Statutes of 1899, which makes conviction of an infamous crime a ground for a divorce, presupposes the right of the innocent party to sue the convicted one.

3. ———: ———: **Courts Should Protect Defendant.** The courts should protect the rights of a defendant so disabled, and it would be proper to appoint some attorney to look after his interest; especially if property interests are involved.

Appeal from Scotland Circuit Court.—*Hon. E. R. Mc-Kee,* Judge.

REVERSED AND REMANDED.

*Smoot, Boyd & Smoot* for appellant.

Service is valid and regular for the purpose of jurisdiction, even though the party when served be in prison. Davis v. Duffie, 3 Keys (N. Y. App.) 606; 22

Am. and Eng. Ency. (1 Ed.), page 156; 1 Abb. App. Dec. (N. Y.) 486; State v. Washington, 37 La. Ann. 828; 12 Moak's Rep. 688; Smith v. McGlasson, 7 J. J. Marsh (Ky.) 154; Grant v. Dalliber, 11 Conn. 234; R. S. 1899, sec. 2382; R. S. 1899, sec. 2921; Williams v. Shackelford, 97 Mo. 322.

GOODE, J.—The parties to this action were married in June, 1901. In February, 1902, the defendant was found guilty of the crime of forgery and sentenced to the State penitentiary for a term of years. In January, 1903, the plaintiff instituted this action for divorce on the ground of Gray's conviction of felony; a writ was issued directed to the sheriff of Cole county, where the defendant was imprisoned, and was served on the defendant, and a return made showing full compliance with the statutory requirements of service.

The evidence shows the parties lived together only three weeks, when the defendant was apprehended for the crime of which he was convicted; further, that the defendant was under conviction for the like crime in the State of Illinois at the date he was married, of which fact his wife was ignorant. He was absent from the Illinois prison on his parole when the marriage took place. The record of the conviction in the circuit court of Scotland county, Missouri, was put in evidence. On these facts the court below dismissed the plaintiff's petition for the reason that the defendant was civilly dead pending his imprisonment and incapable of being sued. R. S. 1899, sec. 2382. That ruling of the circuit court was erroneous. The civil death which attaches to a person as an incident of his conviction of an infamous crime, destroys his right to sue or to make executory contracts, but not the right of others to prosecute suits against him.

Mr. Chitty, in speaking on the subject, says: "This situation of *civiliter mortuus* is never allowed to protect him (an attainted or convicted person) from the claims

of private individuals or the necessities of public justice; so that, though he can bring no action against another, he may be sued and an execution may be taken out against him." 1 Chitty, Criminal Law, 725; see also Davis v. Duffie, 8 Bosw. 617; 3 Keys 606; Smith v. McGlasson, 7 J. J. Marsh (Ky.) 154; Phelps v. Phelps, 7 Paige 150. Numerous other authorities might be cited.

As was said in Davis v. Duffie, to hold that a party imprisoned for a felony can not be sued would suspend, not only the convict's civil rights, but the right of all other persons to proceed against him for debts or other causes of action. The disability attaches only to the guilty man. Our statute prescribes that one party to a marriage may obtain a divorce if the other is convicted of a felony or infamuos crime during the marriage. R. S. 1899, sec. 2921. That law presupposes the right of the innocent party to sue the convicted one for a divorce.

The jurisdiction was in the county of the residence of the parties prior to the defendant's imprisonment, and the action was properly brought there. Hanson v. Hanson, 111 Mass. 158.

Courts should carefully protect the rights and interests of a disabled defendant in a proceeding like this, and it would not be improper to appoint some attorney to look after the case as the friend of the court if no defense is made; especially if property interests are involved.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.