HORACE S. HOLT *vs.* MARION B. HOLT.

Middlesex.    May 18, June 2, 1925. — October 15, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Marriage and Divorce. Probate Court,* Jurisdiction, Decree nisi, Appeal. *Jurisdiction. Words,* "Lives."

The word "lives" in G. L. c. 208, § 6, is equivalent to "has a domicil."

At the hearing in the Probate Court of objections to a decree *nisi,* granted to a libellant in a libel for divorce brought in the county of Middlesex, becoming absolute, no question of jurisdiction was raised, but it appeared that for seventeen years following the marriage the parties had lived together in the county of Hampden when, their tenancy of an apartment having been terminated by a landlord, their furniture was packed and stored and the libellee and two minor children, the only issue of the marriage, then went to Lexington in the county of Middlesex to live at the home of her mother, where the children attended school; that the libellant remained in Hampden county and from there visited his wife once, and that he furnished the coal for the family in Lexington during the winter. Cohabitation ceased. The judge of the Probate Court overruled the objections to the decree becoming absolute. The libellee appealed, and in this court for the first time raised the question of jurisdiction. *Held,* that

(1) The domicil of the wife was that of her husband and was in the county of Hampden, and therefore under G. L. c. 208, § 6, the Probate Court for the county of Middlesex had no jurisdiction of the cause or of the parties;

(2) The question being one of jurisdiction, it was of a nature preventing its waiver and requiring its consideration by this court;

(3) Neither the provisions of G. L. c. 217, § 8, nor those of § 6A of G. L. c. 208, added by St. 1922, c. 532, § 6, were effective to give the Probate Court for the county of Middlesex jurisdiction of the cause;

(4) The decree *nisi* was void;

(5) St. 1925, c. 159, being enacted after the decree *nisi* and the entry of the appeal in this court, was inoperative to confer jurisdiction.

(6) Leave was given to the libellant to move for a transfer of the case under the statute to the county of Hampden within a certain time, and, if transfer was not made within the time stated, the libel was to be dismissed for want of jurisdiction.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on October 3, 1923, alleging as a ground for divorce cruel and abusive treatment of the libellant by the libellee.

The libel was heard by *Lawton*, J., and by his order a decree *nisi* was entered on December 20, 1923. On June 14, 1924, the libellee filed objections to the decree *nisi* becoming absolute based on several grounds, all but the sixth and ninth of which were to the effect that the libellee was induced through fraud, duress and intimidation by the libellant not to contest the granting of the libel. The sixth and ninth grounds were as follows:

"6. That if the libellant had any reasons or grounds as referred to by him as a cause for divorce which the libellee denies then the same had been condoned by the libellant at the time of the filing of the libel."

"9. That your libellee Marion B. Holt has and always did have a good and sufficient defence to said action of divorce as alleged in the libel and prays that this court allow her an opportunity to present the same."

The objections were heard by *Leggat*, J. No question of jurisdiction was raised before him. He found facts contrary to the allegations in the objections by the libellee and overruled the objections. The libellee appealed and in this court for the first time raised the question of jurisdiction described in the opinion.

*J. H. Baldwin,* for the libellee.

*F. L. Norton,* for the libellant.

BRALEY, J.   This is a libel for divorce brought in the Probate court of the County of Middlesex by the husband against the wife for cruel and abusive treatment, and, the libellant having obtained a decree *nisi,* the libellee, who appeared but did not contest, filed objections to the decree becoming absolute and moved on various grounds that it be vacated.   The motion was overruled and the case is here on the appeal of the libellee, with a report by the judge of his findings, accompanied by the evidence.   G. L. c. 208, § 21, and § 6A added by St. 1922, c. 532, § 6.   G. L. c. 215, § 18; c. 231, § 111.

It was found that the parties from the date of their marriage, March 1, 1906, lived together in Springfield in the county of Hampden until the spring of 1923, when, their tenancy of an apartment having been terminated by the landlord, their furniture was packed and stored.   The libellee and two minor children, the only issue of the marriage, then went to Lexington in the county of Middlesex, and lived at the home of her mother.   The libellant remained in Springfield, where he had employment, and on or about the second week in September visited his wife in Lexington, where their children attended school, and also furnished coal for the family during the coming winter.   But he did not visit his family again, and after her departure from Springfield cohabitation between them ceased.   These findings of fact, having been warranted, cannot be revised.   *Sparhawk* v. *Sparhawk,* 120 Mass. 390.   *Morrison* v. *Morrison,* 136 Mass. 310.   *Smith* v. *Smith,* 167 Mass. 87, 91.   *Dickinson* v. *Dickinson,* 167 Mass. 474, 477.   See *Drew* v. *Drew,* 250 Mass. 41.

The libel, which was filed October 3, 1923, alleged, that the parties lived together at "Arlington" in the county of Middlesex, but, there having been no evidence to support this allegation, we assume that "Arlington" is a misprint for "Lexington."

It is provided by G. L. c. 208, § 6, that libels for divorce shall be filed, heard and determined in the Superior Court

held for the county where one of the parties lives, except that, if the libellant has left the county where the parties lived together, and the libellee still lives therein, the libel shall be heard and determined by the court held for that county. The word "lives" is equivalent to "has a domicil." *Sampson* v. *Sampson*, 223 Mass. 451. And where the parties have lived together in more than one county, the libel must be brought in the county where they last lived together. *Bannister* v. *Bannister*, 150 Mass. 280. *Sampson* v. *Sampson*, 223 Mass. 451, 461. It is plain, that the parties never lived together as husband and wife in the county of Middlesex, and that the domicil of the wife was the domicil of her husband, which was in the county of Hampden. *Hanson* v. *Hanson*, 111 Mass. 158. *Watkins* v. *Watkins*, 135 Mass. 83, 85. *Clark* v. *Clark*, 191 Mass. 128. *Perkins* v. *Perkins*, 225 Mass. 82.

. The libellant contends, that at most the question was merely one of venue which the libellee waived by going to trial on the motion. But, even if she did not move to dismiss for want of jurisdiction, this question may be raised at any stage of the proceedings. *Cheney* v. *Boston & Maine Railroad*, 227 Mass. 336. The consent or waiver of parties does not confer jurisdiction, and not only was it the duty of the judge to consider whether the court could enter a decree, but the question cannot be overlooked by this court, even if not raised by the libellee. *Fourth National Bank of Boston* v. *Mead*, 214 Mass. 549. *Paige* v. *Sinclair*, 237 Mass. 482.

The libel having been brought in the wrong county, the court had no jurisdiction of the cause or of the parties. If it had been brought in the Superior Court, the practice sanctioned in *Hanson* v. *Hanson, supra*, could be followed, and the libel, on motion of the libellant, transferred to the court of probate for the county of Hampden and a new summons ordered. But the Superior Court is a court of original and general jurisdiction for the Commonwealth, sitting at designated places in each county as required by statute, for the transaction of civil and criminal business, including libels for divorce. G. L. c. 212. While § 6A, of G. L. c. 208, added by St. 1922, c. 532, § 6, confers on Probate Courts concurrent

power to hear, determine, and render decrees in libels for divorce and enforce them, the jurisdiction must be exercised within the territorial limits of the county to which it is confined. "Probate courts shall be courts of record, and the judge and the register of probate and insolvency for each county shall be, respectively, the judge and register of the Probate Court of such county." G. L. c. 215, § 1. If, however, a judge of probate is unable by reason of sickness, interest or other legal disqualification, or if in his opinion the assistance of another judge is required, or if he is absent, and there is no special judge of probate in the county, G. L. c. 217, § 8, provides for calling in the judge of probate for any other county, who may hear and determine cases, and, unless objection is made by an interested party before a decree is entered, the case may be heard and determined out of said county by such other judge, who may send his decree to the registry of probate for the county where the case is pending. The case at bar is not within this exception, and, the decree *nisi* being void, the merits of the appeal cannot be decided. *Fourth National Bank of Boston* v. *Mead, supra; Lovejoy* v. *Albee,* 33 Maine, 414. *Williamson* v. *Berry,* 8 How. 495. *Scott* v. *McNeal,* 154 U. S. 34.

The libellant however cites St. 1925, c. 159, amending G. L. c. 215, by inserting, after § 8, § 8A, which is declared to be an emergency law. It reads as follows: "If it appears before final decree in any proceeding pending in a probate court that said proceeding was begun in the wrong county, said court may order the proceeding with all papers relating thereto to be removed to the Probate Court for the proper county, and it shall thereupon be entered and pending in the last mentioned court as if originally commenced therein, and all prior proceedings otherwise regularly taken shall thereupon be valid." But this statute, enacted after the decree *nisi* and the entry of the appeal in this court, even if treated as remedial under *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3, and *Devine's Case,* 236 Mass. 588, and therefore applicable to pending as well as future cases, did not on the record enlarge the jurisdiction of the Probate Court of the county of Middlesex. The statute "relates

wholly to procedure and affects no substantive rights."
*Howard* v. *Fall River Iron Works Co.* 203 Mass. 273, 276.
*Hallowell* v. *Commons,* 239 U. S. 506.

If within thirty days after rescript the libellant moves for a
transference under the statute and it is granted, the entry
will be, appeal dismissed. But, if not granted, the entry
must be: Libel dismissed for want of jurisdiction.

*So ordered.*