HORACE S. HOLT vs. MARION B. HOLT.

Hampden.   September 23, 1926. — September 30, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Jurisdiction.   *Marriage and Divorce.*

This court having determined that a probate court, in which there had
been a hearing of a libel for divorce which resulted in a decree of divorce,
had been without jurisdiction of the case, that hearing and decree were
void and, upon a transfer of the case to a probate court of another
county in accordance with a rescript of this court, the second court
must proceed to consideration and decision of the case as if there had
been no previous hearing and decree.

LIBEL for divorce, filed in the Probate Court for the county
of Middlesex on October 3, 1923.

After a decree *nisi*, the libellee filed objections to a decree
absolute which were overruled by *Leggat*, J.   The libellee
appealed and this court, in a decision reported 253 Mass.
412, reversed the decree and issued the rescript described
below in the opinion.

The case then was transferred to the Probate Court for
the county of Hampden and proceedings there, described in
the opinion, occurred before *Long*, J.   From a decree dis-
missing the libel the libellant appealed.

*F. L. Norton*, for the libellant.

*G. D. Cummings*, for the libellee.

BY THE COURT.   This libel for divorce was brought in the
Probate Court for Middlesex County, was tried there and a
decree was entered in favor of the libellant.   The libellee
appealed to this court and the case is reported in 253 Mass.
411.   The rescript ordered that, "If within sixty days after
September 19, 1925, . . . the libellant moves for a trans-
ference to the county of Hampden and it is granted, the
entry will be, appeal dismissed; but if not granted, the entry
must be, libel dismissed for want of jurisdiction."   Pursuant
to that rescript, motion was duly made and granted and the
case was transferred to the Probate Court for Hampden

County. Thereupon the libellant moved that a decree absolute in favor of the libellant be entered. This motion was denied and the libellant appealed. Thereafter the libel was set down for hearing on its merits and, the libellant failing to appear, the libel was dismissed and the libellant appealed. The sole contention of the libellant is that he was entitled to a decree in his favor on the strength of the hearing and decree in the Probate Court for Middlesex County. That contention cannot be supported. The decision of the case when it was here at its earlier stage was that the Probate Court of Middlesex County was without jurisdiction. Hearing and decree before a court without jurisdiction are void. The force and effect of the decision to that effect were aptly and succinctly stated in the rescript. After the libel was transferred to the court having jurisdiction, such court must proceed to consideration and decision as if there had been no previous hearing and decree. There is no error on this record.

*Denial of motion affirmed.*
*Decree affirmed.*