James Francis HILL, Plaintiff,

v.

Correctional Officer GENTRY, Defendant.

Unassigned.

United States District Court
W. D. Missouri, W. D.
March 7, 1960.

James Francis Hill, petitioner, pro se.

Edward L. Scheufler, U. S. Atty., O. J. Taylor, Asst. U. S. Atty., Kansas City, Mo., for respondent.

RIDGE, Chief Judge.

Plaintiff is an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri, confined therein under sentences totaling twenty-three (23) years, dating from June 2, 1954. He here seeks to file a civil action which he has entitled, "Complaint for Criminal Gross Negligence and Wilful Negligence per se in forma pauperis under Section 1915, Title 28, U.S.C." He premises jurisdiction of this Court over such a claim under Section 1332(a) (1), Title 28, U.S.C., on the grounds of diversity of citizenship and requisite jurisdictional amount; also on the existence of a federal question, under Section 1331, Title 28, U.S.C.; and, on 18 U.S.C., Section 113, in that the tort alleged was "committed within the maritime and territorial jurisdiction of the United States." This Court cannot conceivably have any jurisdiction in the instant matter under the last two cited statutes.

Briefly stated, the facts giving rise to the tort asserted by plaintiff, the subject matter of the instant action, are that on February 5, 1960, he was assaulted by defendant who plaintiff alleges was not at the time "acting within the scope of his employment as a federal correctional officer"; and as a result of that assault plaintiff seeks damages of defendant, both compensatory and punitive, totaling $200,000.

■ The civil action plaintiff here seeks to file is one of a transitory nature as to which a United States District Court could only acquire jurisdiction on the grounds of diversity of citizenship and requisite jurisdictional amount; this, notwithstanding the fact that the assault in question, the subject matter of

suit, was allegedly suffered on property under the exclusive jurisdiction of the United States. (cf.) Ohio River Contract Company v. Gordon, 244 U.S. 68, loc. cit. 72, 37 S.Ct. 599, loc. cit. 601, 61 L.Ed. 997.

Plaintiff seeks to file the above-mentioned action *in forma pauperis* under Section 1915, Title 28, U.S.C., and prays that this Court will appoint, pursuant to Rule 17(c), F.R.Civ.P., 28 U.S.C.A., counsel to act as next friend for him and to prosecute his complaint above styled. In his letter transmitting the above styled complaint to this Court, plaintiff states: "The fact that I am certified as a psychotic does not prevent me from exercising my constitutional rights as a United States citizen to seek redress by legal remedy for an invasion of my person physically" by another. Hence, by his Rule 17(c) request and the above admitted psychotic status, it appears that in respect to the instant proceedings petitioner considers himself to be an "incompetent person" who has no legal capacity to prosecute the instant claim, except through a next friend. That is a proper legal assumption if plaintiff has a legal right to now prosecute this action. Before considering plaintiff's application to file the instant complaint *in forma pauperis* and his motion for appointment of counsel "as Guardian ad litem under Rule 17(c), Federal Rules of Civil Procedure" we must first consider whether plaintiff has any capacity to presently sue and maintain the instant action in this United States District Court under Rule 17(b), Federal Rules of Civil Procedure.

■ Petitioner is a convict. The law relating to his "capacity to sue or be sued [is to] be determined by the law of the state in which [this] district court is held"—the State of Missouri. Rule 17(b), F.R.C.P. The law of the State of Missouri, is that "A sentence of imprisonment in (a) penitentiary for a term less than life suspends all civil rights of the person sentenced during the term thereof * * *." 222.010, V.A. M.S. It is also the law of that State

that "if any person entitled to bring an action * * * at the time the cause of action accrued (be) imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, such person shall be at liberty to bring such actions within the respective times" fixed by other statutes of limitation "after such disability is removed." Section 516.170, V.A.M.S. Hence, under the law of the State of Missouri it appears to be against the public policy of that State for a convict serving a sentence for less than his life to sue in the courts of that state on a claim accruing to him while he is a convict; but he can bring an action on such a claim after he is released from confinement under a criminal sentence, and he has the full period of limitation as provided by other statutes of Missouri so to do, after his disability has been removed. (cf.) Rosenberger v. Mallerson, 92 Mo.App. 27; Roberts v. St. Louis Merchants' Land Improvement Co., 126 Mo. 460, 29 S.W. 584; Gray v. Gray, 104 Mo.App. 520, 79 S.W. 505; Hyde v. Nelson, 287 Mo. 130, 229 S.W. 200, 14 A.L.R. 339; Williams v. Coughlan, 9 Cir., 253 F.2d 284.

■ The essence of this Court's jurisdiction over the claim here asserted by plaintiff is diversity of citizenship and requisite jurisdictional amount. Where diversity jurisdiction is the premise of a federal court's power to adjudicate an action, "diversity jurisdiction must follow State law and policy. A federal court in (Missouri) when invoked on grounds of diversity of citizenship, cannot give that which (Missouri) has withheld." Angel v. Bullington, 1946, 330 U.S. 183, 192, 67 S.Ct. 657, 662, 91 L. Ed. 832. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, "drastically limited the power of federal district courts to entertain suits in diversity cases that could not be brought in the respective State courts or were barred by defenses controlling in the State courts." 330 U.S. loc. cit. 192, 67 S.Ct. loc. cit. 662.

■ In light of the foregoing, plaintiff could not presently commence this diversity action in the courts of the State of Missouri, although such courts have concurrent jurisdiction with this court over the claim he here asserts against defendant. The law of the State of Missouri is the law to be followed in determining plaintiff's right of recovery against defendant. It is against the public policy of that State for a convict to maintain a civil action on a claim accruing while incarcerated in a penal institution under criminal sentence. A convict is given the right to prosecute such an action after he is released from confinement. Although Section 222.010, V.A.M.S. is not applicable to make a federal prisoner, confined in a federal penal institution, civilly dead, Section 516.170, V.A.M.S., is the applicable statute of limitation determinative of the time plaintiff might bring the instant action. Plaintiff, under the last-mentioned statute may bring the instant action at any time within five (5) years from the time he is released from custody under the criminal sentence he is now serving. (cf.) 516.120, V.A.M.S.

■ That being so, then this Court should not presently assume jurisdiction over the instant action because it is subject to the charge that it is against the public policy of the State of Missouri for plaintiff to presently maintain the same for the reasons above stated. As said in Price v. Johnston, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356: "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." One such limitation is that penitentiary inmates do not have an absolute and unrestricted right to file any civil action which they may desire to file. Tabor v. Hardwick, 5 Cir., 1955, 224 F.2d 526; Fussa v. Taylor, D.C.M.D.Pa., 168 F.Supp. 302. Particularly is that true where, as here, provision has been made, affording such inmate due process of law to assert such

right, within a statutory period of limitation after service of a criminal sentence has been terminated.

Plaintiff's application to file the instant "civil action" *in forma pauperis is denied.* It is so ordered.