**James Francis HILL, Appellant,**

v.

**Correctional Officer GENTRY, Appellee.**

**No. 16531.**

United States Court of Appeals
Eighth Circuit.

June 21, 1960.

James Francis Hill, Springfield, Mo., has no attorney.

Edward L. Scheufler, U. S. Atty., Kansas City, Mo., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant is an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri, under a federal criminal sentence. He sought to institute an action on diversity jurisdiction against a "correctional officer" of the Medical Center, to recover damages under Missouri law for an assault and battery alleged to have been committed upon him by the officer in the latter's individual and not official capacity.

The District Court denied appellant leave to file the suit in forma pauperis, for the reason, as set forth in the court's opinion, reported in 182 F.Supp. 500, 502, that "under the law of the State of Missouri it appears to be against the public policy of that State for a convict serving a sentence for less than his life to sue in the courts of that state on a claim accruing to him while he is a convict; but he can bring an action on such a claim after he is released from confinement under a criminal sentence, and he has the full period of limitation as provided by other statutes of Missouri so to do, after his disability has been removed". (Cases cited.)

The Missouri civil death statute, V.A. M.S. § 222.010, as presently existing, provides: "A sentence to imprisonment in an institution within the state department of corrections for a term less than life suspends all civil rights of the persons so sentenced during the term thereof * * *". The phrase "an institution within the state department of corrections" was substituted for the term "the penitentiary", previously contained in the statute, by an amendment made by the General Assembly of Missouri in 1959. S.B. No. 87 of 1959, § 1.

But even before this amendment, the Missouri Supreme Court had held that federal sentences were not within the purview or application of the State's civil death statute. As early as 1863, the Court declared: "The statute of Missouri, which enacts that a sentence of imprisonment in the penitentiary for a term of less than life, suspends all civil rights of the person so sentenced during the term thereof, applies only to sentences in the State courts. We know of no similar act as to sentences by the Federal courts, and without such act there is no suspension". Presbury v. Hull, 34 Mo. 29, 34. This construction of the Missouri statute has been reiterated in subsequent cases. See Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Fidelity & Deposit Co. of Maryland v. Doundy, 236 Mo.App. 656, 158 S.W.2d 243, 246.

The rights which the Missouri civil death statute suspends as to a prisoner have been said to be "his right to sue or to make executory contracts". Gray v. Gray, 104 Mo.App. 520, 79 S.W. 505. With the Missouri statute, however, not having purported to suspend such rights as to federal sentences, and with the Missouri Supreme Court having declared that "without such act there is no such suspension", supra, there would seem to be no basis to regard a prisoner under federal sentence as being disabled or disqualified to maintain a suit in the Missouri state courts and thereby derivatively to have no right to maintain a suit in diversity jurisdiction in the Federal courts for that State.

The present situation is immediately before us on appellant's motion for leave to docket the case and have it heard in forma pauperis, in relation to the notice of appeal which the trial court permitted him to file from its order of denial, and in challenge of the certificate which the court thereafter executed refusing him leave to proceed further in forma pauperis for lack of good faith.

On the basis of what has been said, the appeal will be permitted to be docketed without payment of fee. Since it seems entirely patent that the court was in error in the ground on which it rested its order of denial, the order is entitled to be summarily vacated and the matter will be remanded for further consideration. In relation to such further consideration, there may be other elements affecting appellant's application, as a matter of law or of discretion, and these will remain open to the court on the remand.

Order vacated and cause remanded.