John E. MILLER, Plaintiff,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Defendant.

Civ. A. No. 1510.

United States District Court,
W. D. Missouri,
Central Division.

Jan. 27, 1970.

See also D.C., 315 F.Supp. 772.

John E. Miller, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WILLIAM H. BECKER, Chief Judge.

Plaintiff, formerly a state convict confined in the Missouri State Penitentiary, in his complaint herein under the Federal Civil Rights Act, states that he was required by defendant, under threat of "starvation and punishment in the hole", to perform in prison industry "a job that was known to be dangerous and hazerdous (sic) to any one"; and that as a result plaintiff "did suffer greatly" and "lost his thumb." Plaintiff there-

1

fore asks $1,000,000 in actual damages and $1,000,000 in punitive damages.

Defendant previously moved to dismiss this action because, he contended, it was barred by the applicable state statute of limitations. Defendant asserted, and offered his affidavit to show, that the injury was sustained by plaintiff on March 30, 1964. Defendant therefore argued that, since the complaint herein was filed on October 31, 1969, the five-year Missouri statute of limitations applicable to personal injury actions, Section 516.120, RSMo, V.A.M.S., had run.

That motion to dismiss, however was denied on December 22, 1969. Plaintiff had stated in his complaint that he had not been released from the Missouri State Penitentiary until between October 31, 1969, and November 10, 1969. Therefore, this Court deemed that the savings statute, Section 516.170 RSMo, V.A.M.S. applied in this case and that plaintiff, accordingly, was deemed to have been under a disability which tolled the statute of limitations during his imprisonment.

Defendant has now filed a "motion for reconsideration of motion to dismiss" in which he relies upon the case of Hill v. Gentry (C.A.8) 280 F.2d 88, in which it was held that an inmate of the United States Medical Center under a federal criminal sentence did not come within the terms of the Missouri savings statute, Section 516.170, *supra*, which was limited to sentences "to imprisonment in an institution within the state department of corrections," 280 F. 2d at 89, by application of the Missouri civil death statute, Section 222.010 RSMo, V.A.M.S. The plaintiff in this case, however, is literally within the terms of both the savings statute and the civil death statute, having served his imprisonment under sentence of a criminal court, and, further, having served it within the Missouri Department of Corrections. Defendant's motion for reconsideration, in essence, asks this Court to ignore the literal holding of Hill v. Gentry to imply that a remote converse of it is applicable to this case—that the federal courts will not deèm state prisoners to have been under a disability with respect to filing federal claims. It is well settled, however, that state statutes of limitations apply in Federal Civil Rights Cases. Shank v. Spruill (C.A.5) 406 F.2d 756; Madison v. Wood (C.A.6) 410 F.2d 564; Hileman v. Knable (C.A. 3) 391 F.2d 596. This means that state law controls the limitations issue as if the case were being tried in a state court. Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743. Accordingly, state savings statutes apply in Federal Civil Rights Cases. Horn v. Bailie (C.A.9) 309 F.2d 167. The only cases in which it can be noted that the state statute of limitations is not tolled while the state prisoner is in a state prison is when there is no savings statute or the savings statute, by its own terms, is limited to applications which do not include a state prisoner bringing an action such as the one deemed barred. See, e. g., Jones v. Bombeck (C.A.3) 375 F.2d 737; Hughes v. Smith (C.A.3) 389 F.2d 42; Minchella v. Estate of Skillman (C.A.6) 356 F.2d 52; Conard v. Stitzel (E.D.Pa.) 225 F.Supp. 244. In the case at bar, however, both the savings statute of Missouri and the civil death statute apply by their literal terms.

It is therefore Ordered that defendant's motion to dismiss be, and it is hereby, denied.