James L. WILSON, Plaintiff,

v.

Lt. Cecil GARNETT, Missouri State Penitentiary, Jefferson City, Missouri, et al., Defendants.

Civ. A. No. 1543.

United States District Court,
W. D. Missouri,
Central Division.

Feb. 24, 1970.

James L. Wilson, pro se.

Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

WILLIAM H. BECKER, Chief Judge.

In his complaint herein under the Federal Civil Rights Act, plaintiff, a state convict confined in the Missouri State Penitentiary, states that he was threatened and called "racist names" by defendant Cook on November 6, 1969; that defendant Garnett had him committed to a seclusion cell on or about November 7, 1969, "without administrative due process"; that defendant Garnett sprayed him with a chemical on November 7, 1969; and that he was then placed in a small seclusion cell and forced to sleep on a concrete floor, subjected to unhealthful conditions, denied writing materials and generally subjected to cruel and unusual punishment.

Defendants now move to dismiss the complaint for failure to state a claim under the Federal Civil Rights Act in that, as they contend, no denial of any federally protected right is stated by plaintiff; that this is a suit in equity which may not be maintained where there is an adequate and available remedy at law in habeas corpus; and that plaintiff may not bring this action because he is under a civil disability in Missouri under Section 222.010 RSMo.

█ In support of the initial contention, defendants assert that the courts will interfere in prison discipline only when violations of federally protected rights are involved or in other exceptional circumstances (citing Douglas v. Sigler (C.A.8) 386 F.2d 684); that arbitrary placement in maximum security is not cruel and unusual punishment; that the conditions present in such confinement are not so extreme that they constitute cruel and unusual punishment, as previously ruled by this Court in Burns v. Swenson (W.D.Mo.) 288 F.Supp. 4; that denial of writing materials does not state denial of access to the courts; and

that plaintiff has wholly failed to state a claim on which relief may be granted. On a motion to dismiss, however, the allegations of the complaint are to be viewed in the light most favorable to plaintiff. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80; Great Atlantic & Pacific Tea Co. v. Amalgamated Meat Cutters & Butcher Workmen of North America (C.A.8) 410 F.2d 650; Leimer v. State Mut. Life Assur. Co. (C.A.8) 108 F.2d 302. So viewed, the allegations may state the exceptional circumstances and violations of federally protected rights justifying judicial intervention. The alleged assault sustained by plaintiff may state cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution; and the prior decision of this Court in Burns v. Swenson, *supra*, may not be applicable to any set of circumstances which can be proved by plaintiff. Defendants' contentions in this regard are therefore without merit.

█ Defendants also contend that this is a suit in equity which cannot be entertained by this Court because plaintiff has adequate remedies in habeas corpus to protect against irreparable injury. Section 1983 (and other sections) of Title 42, U.S.C., however, are not limited to equitable forms of relief. Further, plaintiff in this cause specifically asks for damages. In support of the proposition, that any prisoner suit of this type should be treated as a petition for habeas corpus, defendants cite Rule 65, F.R.Civ.P., which does not purport to apply its principles to all actions in law and equity. The rule of Potwora v. Dillon (C.A.2) 386 F.2d 74, and James v. Headley (C.A.5) 410 F.2d 325, that equitable actions under the Federal Civil Rights Act should be subjected to requirements of exhaustion of state remedies is a salutary rule. But it does not apply to suits for damages. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.

█ Defendants finally contend that plaintiff is under a civil disability to bring this suit under the Missouri "civil death" statute, Section 222.010 RSMo.

In support of this contention, defendants state that the Eighth Circuit Court of Appeals has recognized the applicability of the state civil death statute in federal cases in Hill v. Gentry (C.A.8) 280 F.2d 88; and that this Court has done likewise in its order denying a motion to dismiss in Miller v. Swenson (W.D.Mo.) 315 F.Supp. 772. *Hill*, however, is not precisely in point on this question. In *Hill*, it was held that a prisoner in the Medical Center for Federal Prisoners was not incapable of suing in a diversity action because the applicability of Section 222.010 RSMo was restricted to prisoners in the Missouri Department of Corrections. Furthermore, in McCollum v. Mayfield (N.D.Cal.) 130 F.Supp. 112, the rule was laid down that, despite Rule 17(b), F.R.Civ.P., making the law of the domicile (which is not shown to be Missouri in this case, in any event) applicable on the question of capacity and lack of capacity to sue under state law, a state prisoner may nevertheless sue under Section 1983 of Title 42 because that section allows suit by "any citizen of the United States or other person within the jurisdiction thereof." Also, in Weller v. Dickson (C.A.9) 314 F.2d 598, it was held that even though the applicable state statute of limitations may be tolled while the state prisoner is in prison, he may nevertheless bring the suit under the Federal Civil Rights Act while he is in prison. That case is directly in point in the case at bar and in accordance with this Court's holding in Miller v. Swenson, *supra*. Urbano v. News Syndicate Company (C.A.2) 358 F.2d 145, relied upon by defendants for the conclusion that the law of the domicile applies on the issue of capacity to sue in prisoner cases, appears to be a diversity suit sounding in libel rather than a civil rights action. Defendants' final contention is therefore without merit.

For the foregoing reasons, defendants' contentions that the complaint wholly fails to state a claim are also without merit.

It is therefore

Ordered that defendants' motion to dismiss be, and it is hereby, denied.