**UNITED STATES of America ex rel. Melvin Leroy TYLER, Petitioner,**

v.

**Sheriff GOINS, Sheriff for the City of St. Louis, etc., Respondent.**

**No. 77–1348C(B).**

United States District Court, E. D. Missouri, E. D.

Jan. 11, 1978.

Melvin Leroy Tyler, pro se.

John D. Ashcroft, Atty. Gen., State of Missouri, Jefferson City, Mo., for respondent.

## MEMORANDUM

REAGAN, District Judge.

Pursuant to the practice in this District, leave was granted to file this pro se petition for a writ of habeas corpus in forma pauperis. We now examine this petition to determine whether under the facts alleged petitioner should be permitted to further prosecute the action in forma pauperis.

It appears from the petition that on June 1, 1977, petitioner was tried in Boone County, Missouri, for "an offense," of which he was "falsely" convicted and that his punishment was assessed at 185 years; that thereafter, on September 23, 1977, petitioner was arraigned in St. Louis County on a two-count indictment charging him with the crime of kidnapping; that although the indictment had been returned in February, 1977, petitioner was not notified thereof until September 23, 1977; that he has, beginning on that date and several times thereafter, unsuccessfully demanded a speedy trial and a dismissal of the St. Louis County indictment for want of such speedy trial; that the Boone County witnesses testified the robber had a clean face without a mark on it; that had the St. Louis County indictment been revealed to petitioner before his Boone County trial on June 1, 1977, he would have been able to obtain the benefits of the testimony of the witnesses in the St. Louis County case that the kidnapper had multiple scratches on his face (earlier in the same day the Boone County offense was committed) and thus (apparently) might

have been able to obtain an acquittal in Boone County. Significantly, petitioner does not admit that he actually was the kidnapper with the scratches on his face, nor does he make any contention that he has exhausted his remedies with respect to the Boone County conviction. We note, parenthetically, that Boone County is in the Western District (and petitioner makes no claim he is being incarcerated in the Eastern District under his Boone County sentence).

The petition does not clearly advise us as to the relationship of the respondent, Sheriff Goins of the City of St. Louis, with petitioner's complaint nor why the City Sheriff has present custody of petitioner. Apparently, the St. Louis County officials have placed a detainer against petitioner with the City Sheriff.

To the extent petitioner is attacking his Boone County robbery conviction on the basis that the St. Louis County authorities did not timely reveal the return of the kidnapping indictment, it is obvious that the petition in this Court should be dismissed for failure to exhaust state remedies even if it be assumed that he could state a claim on that ground.

With respect to petitioner's "speedy trial" claim, assuming its verity, the removal of the detainer filed with Sheriff Goins would obviously not entitle petitioner to be released from his present custody. It is clear that petitioner is no longer seeking a speedy trial of the St. Louis County charges. He abandoned his demand therefor one month after his September 23, 1977 arraignment. After being denied a trial on October 24, 1977 when the case was continued to January 22, 1978, petitioner thereafter (commencing October 23, 1977) sought only dismissals of the proceeding, not a trial on the merits. Principles of elementary comity dictate that federal courts refrain from interfering in matters pending in the state courts without giving the state court judges the opportunity to pass upon the issues. It is, of course, true that petitioner alleges that the state nisi prius court overruled his demands for an immediate trial and then for dismissal and that the Missouri Supreme Court denied his habeas corpus petition "for discharge for denial of a speedy trial." However, we do not view such procedure as an exhaustion of state remedies.

As we have noted, what petitioner is seeking in the present proceeding (and what he has been seeking since October 23, 1977) is *not* to enforce the state's constitutional obligation to bring him promptly to trial. Rather it is his purpose to *abort* the state prosecution. In *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (in which the petitioner sought the habeas aid of the federal court to obtain a trial, not to forestall the state prosecution), the Supreme Court noted that a speedy trial defense is available when the defendant is finally brought to trial, and that "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction." The Court added: "We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."

Petitioner having failed to exhaust his available state remedies with respect to his constitutional defense before involving the jurisdiction of this Court, petitioner is not entitled to relief. Accordingly, IT IS HEREBY ORDERED that leave to further prosecute this action in forma pauperis should be and it is hereby denied. An order will be entered dismissing the petition without prejudice.