Jackey Don **WATSON**, Petitioner,

v.

Donald **WYRICK** et al., Respondents.

No. 81–0902–C(5).

United States District Court,
E. D. Missouri, E. D.

Nov. 17, 1981.

Jackey Don Watson, pro se.

John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for respondents.

## MEMORANDUM

CAHILL, District Judge.

This matter is before the Court on a *pro se* petition for writ of habeas corpus.

On March 1, 1977, petitioner pleaded guilty on the advice of counsel to various criminal charges and was sentenced to the Missouri Penitentiary at Jefferson City, Missouri. Subsequently, plaintiff filed an appeal before the Missouri Court of Appeals, Eastern Division, No. 42196, and was denied (TR.101) relief. As a result of this decision in the Missouri Court of Appeals, suit was filed in this Court.

In this petition *pro se* petitioner alleges that his guilty plea was coerced through fear, that he was incorrectly charged with an offense, and that he was denied a presentence investigation. For the reasons given below, the writ of habeas corpus is denied.

■ Factual determinations made by a state court of competent jurisdiction and evidenced in writing should be presumed correct by a district court reviewing a habeas petition. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). These findings are entitled to great deference and the burden is on the petitioner to establish by convincing evidence that the State's factual determination was erroneous. *Id.*

■ The Supreme Court and the Eighth Circuit have consistently held that a judgment cannot be lightly set aside because the judgment carries with it a presumption of regularity, *Sunal v. Large*, 332 U.S. 174, 182, 67 S.Ct. 1588, 1592, 91 L.Ed. 1982 (1947); *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, (1937); *Spratlin v. Solem*, 577 F.2d 56, 60 (8th Cir. 1978). After viewing the transcripts of record and the findings of fact by the trial court and the Missouri Court of Appeals, it is apparent that petitioner has not met the burden of showing by convincing evidence that the factual determinations were erroneous.

It is axiomatic that a prisoner seeking federal habeas corpus relief must give state trial and appellate courts a fair opportunity to rule on his claims before they are presented to the federal courts. *Smallwood v. Missouri Board of Probation and Parole*, 587 F.2d 369, 371 (8th Cir. 1978); *Kelsey v.*

*State of Minnesota*, 565 F.2d 503, 506 (8th Cir. 1977); *Boothe v. Wyrick*, 452 F.Supp. 1304 (W.D.Mo.1978); *Gregg v. Wyrick*, 449 F.Supp. 969, 971 (W.D.Mo.1978); *United States ex rel. Tyler v. Goins*, 444 F.Supp. 95 (E.D.Mo.1978); *Burns v. Wilkinson*, 333 F.Supp. 94, 97 (W.D.Mo.1971); *Wilson v. Garnett*, 332 F.Supp. 888, 889 (W.D.Mo. 1970). A failure to exhaust available state remedies results in the dismissal of a *pro se* petition for writ of habeas corpus in forma pauperis. *United States ex rel. Tyler*, 444 F.Supp. at 95. There is no indication that petitioner has presented the allegation that he was denied presentence investigations to the Missouri trial and appellate courts. Therefore, the Court finds that petitioner has failed to exhaust his state remedies.

In addition, petitioner "bears a heavy burden of proving unfairness resulting from alleged ineffective assistance of counsel." *Johnson v. United States*, 506 F.2d 640, 645 (8th Cir. 1974), *cert. denied*, 420 U.S. 978, 95 S.Ct. 1404, 43 L.Ed.2d 659 (1975). In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby. *Witham v. Mabry*, 596 F.2d 293 (8th Cir. 1979); *United States v. Hood*, 593 F.2d 293 (8th Cir. 1979); *Benson v. United States*, 552 F.2d 223, 224 (8th Cir. 1977), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120, (1977). This burden has not been met.

All of plaintiff's allegations of ineffective assistance of counsel are based on technical arguments such as counsel's failure to tell petitioner of changes in the wording of criminal charges against him. Petitioner, therefore, has not shown that his attorney failed to exercise customary skill and diligence.

For the above reasons, petitioner's *pro se* petition for writ of habeas corpus must be denied.

Petitioner has also moved for the appointment of counsel. The Missouri Court of Appeals in *Watson v. State*, 615 S.W.2d 485, denied plaintiff's request for appointment of counsel because it found no merit in petitioner's claims. This Court adopts the reasoning of that opinion. Therefore, the motion for appointment of counsel is also DENIED.

IT IS SO ORDERED.