[S. F. No. 8274.   Department Two.—December 7, 1917.]

In the Matter of the Estate of JOSHUA HILL, Deceased,
    etc. ELLEN P. HILL, et al., Appellants, ABBIE H.
    RANDELL, Respondent.

ESTATES OF DECEASED PERSONS—WILL—NONCONTEST CLAUSE—OPPOS-
    ING PROBATE FOR WANT OF JURISDICTION.—Where the will of a
    testator who died in San Francisco contained a clause forfeiting the
    rights under the will of his wife or any of his children contesting
    or attempting to contest it, and the eldest child applied for letters
    of administration in Michigan alleging upon her information and
    belief that her father had died intestate but that there were instru-
    ments on file in the probate court of Oakland County (Michigan)
    and also in California purporting to be last wills of the deceased,
    and thereafter she filed an opposition to the probate of the Cali-
    fornia will, which was offered for probate in San Francisco, alleging
    as ground of objection that jurisdiction was in the courts of the
    state of Michigan, she did not by her action forfeit her rights under
    the will, since it does not in any sense amount to an attempt to
    contest for an interested party to say that the court of original
    jurisdiction for the reception for probate of a will is a court other
    than the one to which it is presented.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Thomas F. Graham,
Judge.

The facts are stated in the opinion of the court.

Ira S. Lillick, and Hill & Sealby, for Appellants.

Lloyd S. Ackerman, and Samuel J. Patterson, for Re-
spondent.

HENSHAW, J.—In his will the deceased, Joshua Hill, declared as follows: "In the event that my said wife or any of my said children, shall contest or attempt to contest the allowance of this instrument as and for my last will and testament, for any reason or upon any grounds whatever, then such portions of my estate, or other benefits as have heretofore been directed to be paid to the person so contesting shall be by such person or persons forfeited, etc." The testator died in the city and county of San Francisco, leaving surviving him a widow and five children. The eldest of these children, Abbie H. Ransdell, respondent herein, filed a petition for letters of administration upon the estate of her father in the probate court of Oakland County, state of Michigan, in which she alleged that "said deceased died on the twenty-ninth day of September, 1915, leaving no last will and testament as I am informed and believe," and she also declared, "It is alleged that there are instruments on file in the probate court of Oakland County and in the state of California, purporting to be the last wills and testaments of said deceased."

Thereafter the will of the deceased was offered for probate in the superior court of the city and county of San Francisco. At that time there was pending in the probate court of Oakland County, Michigan, a petition for the probate of decedent's will filed by Frank L. Perry, one of the trustees named therein. Respondent having been advised by her attorneys that there could not be two forums in separate states each possessing original jurisdiction over the will of deceased, filed her opposition to the probate of the will in San Francisco. In this the respondent declared: "This opposition is not a contest nor an attempt to contest the allowance or admission to probate of the will of Joshua Hill as the last will and testament of said decedent, and that this showing is made solely for the purpose of objecting to the jurisdiction of the court to grant the probate of the will of said decedent as filed." The ground of opposition was that above indicated, that original jurisdiction to admit the will to probate was in the courts of the state of Michigan.

Upon petition for partial distribution it was urged that respondent by her action and conduct as above set forth had forfeited all her rights under the will. The court held to the contrary and this appeal followed.

We need not here be at pains to elaborate upon the meaning which shall be given to the language employed by the testator, "contest or attempt to contest." This has been done sufficiently in the cases of *In re Garcelon's Estate,* 104 Cal. 570, [43 Am. St. Rep. 134, 32 L. R. A. 595, 38 Pac. 414], and *Estate of Hite,* 155 Cal. 436, [17 Ann. Cas. 993, 21 L. R. A. (N. S.) 953, 101 Pac. 443]. Neither separately nor cumulatively can it be said that the acts of this respondent measure up either to a contest or to an attempt to contest the allowance of the will. True, in her petition before the Michigan courts she expressed her belief that her father had died intestate, but at the same time she advised the court that instruments were in existence which were asserted to be wills of deceased. It cannot be said that here was even an attempt to contest the validity of any of these purported wills which at that time had not been offered for probate, and the fairness of the respondent is evidenced by the information which she conveys to the court of the existence of these written instruments. Even less weight attaches to her action in filing an opposition in the courts of California. In no sense does it amount even to an attempt to contest the allowance of an instrument for an interested party to say that the court of original jurisdiction for the reception in probate of a will is a court other than the one to which it had been presented.

The order and decree appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.