THOMAS F. MAGUIRE & others *vs.* BEATRICE E. BLISS, executrix, & others.

Suffolk.     March 8, April 3, 1939. — September 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Devise and Legacy,* Revocation if beneficiary opposes probate of will. *Probate Court,* Appearance.

Neither a special appearance by a beneficiary of a will on a petition for its probate, accompanied by a motion that the petition be dismissed on the ground that the court had no jurisdiction because the testator when he died was a resident of a county other than that in which the petition was filed, nor the mere filing of a general appearance, both appearances being withdrawn later, constituted as a matter of law opposition to probate of the will precluding the beneficiary from taking under its provisions by reason of a provision in substance that, if any beneficiary should oppose probate of the will, any interest given him should thereby be annulled.

PETITION, filed in the Probate Court for the county of Suffolk on July 11, 1938, by certain beneficiaries named in a will, seeking that instructions be given to the executrix.

From a decree, entered after a hearing by *Prest,* J., the petitioners appealed.

*J. E. Caulfield & R. F. Connelly,* for the petitioners, submitted a brief.

*C. K. Hurley,* for the respondents.

QUA, J.   Marion Seaverns Kelley, deceased, left a will containing this clause: "6. All legacies, bequests, devises, and benefits to cestuis que trustent, contained in this Will are given upon the express condition that the respective legatees, devisees and cestuis shall not in any way oppose the probate of this Will and if any such legatee, devisee or cestui shall so oppose the probate of this Will, then, and in that event I revoke and annul all such legacies, devises and benefits hereby given to such person and thus revoked to be treated and administered as if such person had died before me."   Such a clause is valid.   *Rudd* v. *Searles*, 262 Mass. 490.

The question before the Probate Court was whether the respondents Virginia S. Ballard and Charles T. Seaverns (the latter having died after the decree in the Probate Court and being here represented by his executor), or either of them, did "in any way oppose the probate of the will of Marion Seaverns Kelley."   The judge made a finding in the decree itself that "none of the respondents opposed in any way or contested the probate of the will."   The evidence is not reported.   The finding in the decree is conclusive, unless subsidiary findings reported by the judge under G. L. (Ter. Ed.) c. 215, § 11, are inconsistent with the finding in the decree and show the decree to be wrong in law.   *Wyness* v. *Crowley*, 292 Mass. 459, 460, 461.   *Atwood* v. *Atwood*, 297 Mass. 229, 231–232.

The findings to which resort must be had to support the contention that either Ballard or Seaverns opposed the probate of the will in any way are these: The will and petition for probate were filed on July 13, 1937.   On July 26 an appearance was filed by an attorney for Ballard. On August 3 "a withdrawal of general appearance" was filed by this attorney.   On the same day "a special appearance" was filed for Ballard.   On August 12 a special appearance and motion to dismiss the petition was filed on behalf of Seaverns.   The ground stated in the motion was that the court (in Suffolk) had no jurisdiction because the deceased at the time of her death was a resident of Barnstable County.   On August 19 "a special appearance" was

filed by Seaverns through another attorney. On August 26 the special appearances on behalf of Ballard and Seaverns were "withdrawn." On August 31 the will was allowed. Later appearances relating to matters other than the allowance of the will are immaterial. No other material facts appear. It is not shown that there was any trial or any demand or negotiations for a settlement, or that the allowance of the will was opposed by any act or word other than as just stated.

The special appearance in behalf of Seaverns accompanied by the motion to dismiss on the jurisdictional ground set forth was not opposition to the probate of the will. So far as appears, this motion was filed in good faith and for reasonable cause. It was important that the will should be proved and the estate settled in the proper county. G. L. (Ter. Ed.) c. 215, § 3. *Drohan* v. *Avellar*, 276 Mass. 441, 443. G. L. (Ter. Ed.) c. 215, § 8A. Any party in interest could insist upon this in aid of the lawful and orderly probate of the will and not in opposition thereto. *Estate of Hill*, 176 Cal. 619. We need not consider whether a motion to dismiss was a technically correct method of procedure.

There remain to be considered only the appearance in behalf of Ballard not designated as "special" and the so called "special appearances" not accompanied by any motion or pleading on behalf of Ballard and Seaverns. We treat all these as general appearances. Rule 2 of the Probate Courts (1934). The question is whether the mere acts of filing these appearances, without more, were as matter of law acts of opposition to the probate of the will. Any real opposition would, under the words of the will, bar these respondents from any share of the estate, but it is entirely possible to enter a general appearance without in fact engaging in a contest or opposing the probate, just as it is possible in an action at law to appear without making a defence. There may be adequate reasons for appearing in the proceeding without any intent to oppose the probate of the will. The party appearing may wish to be heard upon the suitability for appointment of the executors

named in the will. He may wish to be heard upon the amounts of their bonds. He may wish to question the allegation of the petition as to the residence of the deceased, as Seaverns did in his motion to dismiss. See *Holt* v. *Holt*, 253 Mass. 411, 414, 415. Perhaps there may be other reasons. The filing of the appearances was not as matter of law opposition to the probate of the will.

Authorities in other jurisdictions in general tend to support the conclusion here reached in cases where the alleged contestants went no further than they appear to have gone in this case. *Estate of Hite*, 155 Cal. 436, 444. *Estate of Bergland*, 180 Cal. 629. *Lobb* v. *Brown*, 208 Cal. 476, 485, *et seq. Ayers' Administrator* v. *Ayers*, 212 Ky. 400. *In re Cronin's Will*, 143 Misc. (N. Y.) 559; affirmed, 237 App. Div. (N. Y.) 856. *In re Smyth's Estate*, 246 App. Div. (N. Y.) 820; affirmed, 271 N. Y. 623. *McCahan's Estate*, 221 Penn. St. 188. *Drennen* v. *Heard*, 198 Fed. 414. For further citation of cases see 5 Am. L. R. 1370. Compare *Smithsonian Institution* v. *Meech*, 169 U. S. 398, 411, *et seq.*

*Decree affirmed.*