[Civ. No. 7720.  Third Dist.  Apr. 26, 1950.]

Estate of VERA L. CRISLER, Deceased.  ROLLIN P. RODOLPH, as Executor, etc. et al., Appellants, v. LENA KING NELSON, Respondent.

Gilford G. Rowland and Rowland & Craven for Appellants.

David York and York & Palmer for Respondent.

ADAMS, P. J.—Vera L. Crisler died at Klamath Falls, Oregon, leaving estate in Sacramento County, California, and in Oregon. She left a will dated February 1, 1940, and two codicils dated March 9, 1944, and August 20, 1945, respectively. She left estate in Oregon, and in Sacramento County, California. Her will was admitted to probate in Sacramento County and no contest thereof was instituted either before or after probate.

On February 18, 1947, more than six months after the will had been admitted to probate, Lena King Nelson, a beneficiary under the will, respondent in this appeal, filed in the probate court a notice of motion for an "order dismissing and dropping the probate proceedings," on the ground that decedent was a resident of Klamath Falls, Oregon, at the time of her death, and, therefore, the probate court of Sacramento County had no jurisdiction. That motion was denied after hearing, and on appeal to this court the order was affirmed. (*Estate of Crisler*, 83 Cal.App.2d 431 [188 P.2d 772].)

Thereafter Mrs. Nelson petitioned the probate court for an allowance from the assets of the estate. Under the will the residue of the estate was given in trust, the net income of such trust payable to Mrs. Nelson, decedent's aunt, as long as she should live, with remainder over to four strangers by blood, to wit, Albert J. Powell of Sacramento, Dola N. Clemens of Klamath Falls, Rollin P. Rodolph of San Francisco (now the executor of the estate and a trustee of the trust), and E. G. Funke, an attorney of Sacramento. Along with the petition of Mrs. Nelson for such allowance the probate court considered a final account and petition for distribution filed by the executor, which petition prayed for distribution to the four remaindermen, it being alleged by the executor that Mrs. Nelson had forfeited all rights to take under the will because she had contested it, and thus brought herself within the provision of same which reads:

"ELEVENTH: I have intentionally omitted all my heirs who are not specifically mentioned herein, and I hereby generally

and specifically disinherit each, any and all persons whomsoever claiming to be or who may be lawfully determined to be my heirs at law, except as otherwise mentioned in this will, and if any such persons or such heirs, or any devisees or legatees under this will, or their successors in interest, or any other persons who if I died intestate would be entitled or shall lawfully become entitled to any part of my estate shall either, directly or indirectly, singly or in conjunction with other persons, seek to establish or assert any claims to my estate or any part thereof, excepting under this will, or attack, oppose or seek to set aside the probate of this will, or to impair, invalidate or set aside its provisions, or to have the same or any part thereof, or any devise or devises, or trust herein, limited, declared void or deminished, or to defeat or change any part of the testamentary plan of this will, . . . or shall endeavor to secure or take any part of my estate in any manner other than through or under this will, then, in any or all of the above-mentioned cases and events, I hereby give and bequeath to such person or persons the sum of One Dollar (1.00) and no more, in lieu of any other share or interest in my estate; . . .."

The trial court held that Mrs. Nelson had not forfeited her right to take under the will and ordered that a payment to her be made. From that order this appeal has been taken.

■ The sole question before us is whether Mrs. Nelson did or did not forfeit her rights as beneficiary, by the action which she took in moving for the dismissal of the probate proceedings in California on the ground of lack of jurisdiction. It must be conceded that she did not file any contest either before or after the probate of the will, and that, at the time she sought to secure the dismissal, the time within which a contest could be filed had expired. (Prob. Code, § 380.)

As to what constitutes a contest the court said, in *Estate of Hite*, 155 Cal. 436, 444 [101 P. 443, 17 Ann.Cas. 993, 21 L.R.A.N.S. 953], that the mere filing of a paper contest which had been abandoned without action and had not been employed "to thwart the testator's expressed wishes" did not constitute a contest; and that only when an opponent uses the appropriate machinery of the law to the thwarting of the testator's expressed wishes, could his action be considered a contest. Also see *Estate of Howard*, 68 Cal.App.2d 9, 11 [155 P.2d 841], where this rule is reiterated and *Estate of Hite* cited.

In *Lobb* v. *Brown*, 208 Cal. 476, 492 [281 P. 1010], the rule was asserted that forfeiture provisions in a will are to be

strictly construed, and forfeiture avoided if possible; that only where the acts of the parties come strictly within the express terms of the punitive clause of the will may a breach thereof be declared. That case is cited in 3 Page on Wills (Lifetime ed.) 819 et seq., where strict construction of forfeiture clauses in wills is considered and many acts which have been held not to constitute grounds for forfeiture are set forth. Also see 5 A.L.R. 1372 et seq. *Lobb* v. *Brown* was cited and followed in *Estate of Seipel,* 130 Cal.App. 273, 276 [19 P.2d 808].

In *Estate of Hill,* 176 Cal. 619 [169 P. 371], passing upon the effect of an opposition to admission to probate of a will in California on the ground that the jurisdiction for such probate was in another state, it was said that in no sense did this amount to even an attempt to contest the allowance of the instrument as a will. Also see *Maguire* v. *Bliss,* 304 Mass. 12 [22 N.E.2d 615], citing *Estate of Hill, supra.*

Appellants argue that Mrs. Nelson's purpose in contending that Mrs. Crisler was a resident of Oregon at the time of her death was to secure probate in that state because, under Oregon law, she could contest the will there and not forfeit her rights under it. They cite *Wadsworth* v. *Brigham,* 125 Ore. 428 [259 P. 299], as so holding, but whether it does or does not so hold, it forms no basis for speculation as to Mrs. Nelson's motives. They also urge that in affidavits which accompanied the notice of motion to dismiss the proceedings in California, Mrs. Nelson, in addition to allegations as to decedent's residence, made attacks upon her character, which, in effect, amounted to a contest of her will.

We find no merit in either of these contentions. We cannot assume that Mrs. Nelson's motive was to permit her to contest in Oregon, and the question whether testatrix was a resident of Oregon or a resident of California at the time of her death was one of fact. In the will itself testatrix made provision for either contingency, as she stated that in the event that she had, at the time of her death, transferred her residence to Klamath Falls, Dola N. Clemens of that city was to act as executor and trustee in place of Rollin P. Rodolph of California, who was to act as such in the event she died a resident of California. We cannot see that Mrs. Nelson's contention that Mrs. Crisler was a resident of Oregon at the time of her death is any more an attack upon the will itself than was the petition for probate of the will in California on the

ground that she was a resident of this state. Neither one affected or could affect the dispositive provisions of that instrument; and had it been concluded, in the prior proceeding, that the testatrix had in fact died a resident of Oregon, the will would have been probated in that state in exactly the same form that it was here. And had the court found that her contentions were sound, would not appellants be chargeable with forfeiture for claiming that decedent was a resident of California?

And as for the argument that the affidavits filed contained reflections upon the character of decedent, such as that she was given to drinking, and that she had deteriorated mentally, these did not constitute attacks upon the will or attempts to attack, oppose or set aside the probate of the will. Appellants rely upon bad faith on the part of Mrs. Nelson. Their attorney at the trial said that had she come in good faith and asserted, during probate proceedings, that testatrix died a resident of Oregon, that would not have constituted a forfeiture. But the burden was upon appellants to allege and show bad faith on her part if they relied upon bad faith (*Estate of Bergland,* 180 Cal. 629, 636 [182 P. 277, 5 A.L.R. 1363]), and the trial court has held against that contention. In its order instructing payment to Mrs. Nelson, it recited:

"That said LENA KING NELSON has not by reason of a certain motion to dismiss probate proceedings made by said LENA KING NELSON in the above entitled matter before the above entitled Court on the 3d day of March, 1947, nor by reason of the appeal taken from the order and decree of this Court in relation thereto, nor by reason of any other appearance by or proceedings heretofore instituted by said LENA KING NELSON, sought to establish or assert any claims to the estate of said decedent, or any part thereof, excepting under the Last Will and Testament of said decedent, nor has said LENA KING NELSON attacked, opposed or sought to set aside the probate of the Last Will and Testament of said decedent, nor has she sought to impair, invalidate or set aside the provisions of said Last Will and Testament, or to have the same or any part thereof, or any device or trust therein limited, declared void or diminished, nor has said LENA KING NELSON sought to defeat or change any part of the testamentary plan of the Last Will and Testament of said decedent, nor has said LENA KING NELSON settled or compromised, directly or indirectly, either in or out of Court, with any contestant of said Last Will and Testament, nor has said LENA KING NELSON consented to,

acquiesced in or failed to contest such proceedings, nor has said LENA KING NELSON sought to have any part of the estate of said decedent declared community property, nor has said LENA KING NELSON endeavored to secure or take any part of the estate of said decedent in any manner other than through or under the Last Will and Testament of said decedent within the meaning of paragraph Eleventh of the Last Will and Testament of said decedent, or at all.''

We find no ground for a different conclusion. The judgment appealed from is affirmed.

Sparks, J. pro tem., and Peek, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 22, 1950.