[Civ. No. 33746. Second Dist., Div. One. Mar. 10, 1970.]

Estate of MARGUERITE G. McCARTHY, Deceased.
NEIL D. McCARTHY, Petitioner and Appellant, v.
ROSEMARY M. BULLIS et al., Claimants and Respondents;
ROSEMARY M. BULLIS, as Executrix, etc. et al.,
Petitioners and Respondents.

**160**

**COUNSEL**

Neil D. McCarthy, in pro. per., Rodd Kelsey and Stanley N. Gleis for Petitioner and Appellant.

O'Melveny & Myers, Allyn O. Kreps and Stanley H. Williams for Claimants and Respondents.

Hugh J. Ritchie, Painter, Templeton, Miller & Carlin and Louis Miller for Petitioners and Respondents.

**OPINION**

**WOOD, P. J.**—This is an appeal from an order construing the will of Mrs. Marguerite G. McCarthy, deceased, and from an order settling the first account and for preliminary distribution.

By will dated May 10, 1965, Mrs. McCarthy gave property to each of her four children, Marjorie Gless, Rosemary Bullis, Neil D. McCarthy, and Kathleen Hill; and she appointed Robert Belden (an attorney), Rosemary Bullis, and Michael Gless (grandson of decedent) as co-executors of the will.

Article 4 of the will provides in part as follows:

"I hereby make the following specific bequests and devises:

". . . . . . . . . . . . . . . .

"B. My ranch property in Soledad Canyon, Los Angeles County, California, near Ravenna, has been incorporated and the name of the corporation is 'MELLBROOK FARM'.

"I presently own fifty (5) [*sic*] shares of common stock and three thousand five hundred (3,500) shares of Twenty Dollar ($20.00) par value preferred stock of said corporation.

"I hereby give to my son, NEIL D. MCCARTHY, the fifty (50) shares of common stock owned by me in said corporation."

Article 6 provides in part as follows:

"The residue of my estate includes the three thousand five hundred (3,500) shares of preferred stock of MELLBROOK FARM, referred to above, my one-half (½) of the community property of my said husband and myself, and all investments in my name alone with the FIRST INVESTMENT COMPANY or companies with which MR. ROBERT HILL (of HILL, RICHARDS & Co.) is identified.

"I give, devise and bequeath all the rest, residue and remainder of my estate, including all property over which I have power of appointment and which I have not hereinbefore specifically bequeathed or devised, as follows:

"All of the said residue of my estate shall be divided into as many equal shares as there are children of mine then living and children of mine then deceased leaving issue then living and one (1) such equal share shall be allocated to each child of mine who is then living and one (1) to each group comprised of the then living issue of a deceased child of mine."

Article 10 provides as follows:

"I declare that except as otherwise provided in this Will I have intentionally omitted to provide herein for any heir of mine who would have been entitled to share in my estate if I had died intestate. If any such heir or if any person who is a devisee or legatee or beneficiary hereunder shall for any reason contest or attempt to invalidate this Will in whole or in part upon any ground whatever or shall participate either directly or indirectly in any such contest or attempt, then in such event any share or interest in my estate given to such beneficiary is hereby revoked and I direct that such heir or other person attacking this Will shall neither take nor receive anything whatever from my estate and that any gift, bequest, or devise to which such person would otherwise be entitled by virtue hereof shall stand revoked

and be cancelled and if such heir or a person attacking this Will shall be a beneficiary under the terms of this Will such heir or person shall for the purposes hereof be deemed to have predeceased me."

Mrs. McCarthy died on April 19, 1966, and she was survived by her husband, her four children, and several grandchildren. On May 20, 1966, her will was admitted to probate; and on May 25 letters testamentary were duly issued to Mr. Belden, Mrs. Bullis, and Mr. Gless. No contest of the will was made in the probate court within six months after the will was admitted to probate (Prob. Code, § 380).

On December 7, 1966, the executors (Mr. Belden, Mrs. Bullis, and Mr. Gless) commenced a civil action against the Millbrook Farm corporation and Neil D. McCarthy to rescind an agreement whereby Mrs. McCarthy, in 1961, had conveyed her ranch property in Soledad Canyon to the corporation. Some of the allegations of the complaint[1] in said action were as follows:

Defendant Neil D. McCarthy is an attorney at law and the son of the decedent. In 1961 the decedent was the owner, as her sole and separate property, of real property described as "the ranch property." In 1961, defendant McCarthy consulted with and advised the decedent concerning advantages to be gained by conveying the property to a corporation to be formed by him, and he promised her that he would prepare an agreement for "transfer of legal title to the ranch property to the corporation with the beneficial ownership and the exclusive control and power of disposition of the property remaining vested in the decedent, which purposes the decedent desired to accomplish." The decedent reposed trust and confidence in him, and she believed that he would not deceive her or take advantage of her, and he had great influence over her. He knew of the trust and confidence so reposed in him, and he accepted such trust and confidence. By reason of such trust and confidence, the decedent relied upon him to prepare the agreement for accomplishing said purposes, and she did not have independent counsel in the preparation, interpretation, and execution of said agreement. Defendant McCarthy, knowing of such trust and confidence reposed in him, organized defendant Millbrook Farm, a corporation, for the purpose of taking title to the decedent's ranch property in exchange for the issuance to decedent of certain of the preferred shares of the corporation, "but without in any manner providing for the vesting in the decedent of the beneficial ownership of the ranch property and the exclusive control and right to dispose thereof in accordance with her wishes." The corporation was formed and it was authorized to issue 1,000 shares of common stock and 4,000 shares of preferred stock, which would be entitled to receive

---

[1]The complaint was signed by an attorney and was verified by Mr. Belden.

annual dividends of 6 percent when declared by the board of directors. Such dividends were not to be cumulative, and such preferred shares could be redeemed by the corporation on 10 days' notice and payment of $20 a share to the holders of such shares. (A statement of the preferences, privileges, and restrictions of the preferred shares is incorporated as an exhibit in the complaint.) The incorporators and first directors of the incorporation were Mr. McCarthy, his wife, and an attorney; and Mr. McCarthy "dominated and controlled the board of directors," and said directors conducted the affairs of the corporation pursuant to his instructions. An application was made for issuance of 100 shares of common stock "to either or both" the decedent and Mr. McCarthy at $10 a share, and for issuance of 3,500 preferred shares to decedent in consideration for the transfer by decedent of her ranch property to the corporation. Defendant McCarthy prepared a written agreement entitled "Exchange of Stock for Property" (Exhibit A of complaint) and presented it to the decedent, who, in reliance upon the trust and confidence reposed in him, was induced to, and did, sign the agreement in August 1961; and on October 17, 1961, in performance of the agreement, she executed a grant deed to the ranch property, and she received 3,500 shares of preferred stock of defendant Millbrook Farm in consideration therefor (copy of deed incorporated in complaint as Exhibit C). Decedent intended and understood that the agreement provided that she, as holder of the preferred shares of defendant corporation, was the owner of, and would continue to own and have the right to dispose of, the ranch property although the record title thereof would be in Millbrook Farm for her use and benefit; the holders of the common shares would not acquire any right, title, or interest in the ranch property; and the agreement was fair and would accomplish the purposes which she desired. In truth, the exchange agreement imposed an unconscionable hardship upon the decedent in that neither the agreement nor the deed provided for the vesting of any beneficial ownership of the ranch property in the decedent, the reasonable value of the ranch property at the time of the conveyance was $160,000, and, after deducting therefrom $70,000 representing the security for 3,500 shares of preferred stock, defendant McCarthy acquired "immediately upon the conveyance" of the ranch property $45,000, representing one-half of the outstanding common stock, even though it was decedent's intent and belief that the shares of common stock would not have any right or interest in the property by way of equity value, liquidation, or otherwise. Plaintiffs, as executors of decedent's will, therefore seek rescission and cancellation of said exchange agreement and deed, the imposition of a trust upon and the return of the ranch property to decedent's estate, and an accounting from defendants regarding the ranch property; and plaintiffs

offer to restore to defendant Millbrook Farm the 3,500 preferred shares and all things of value received by decedent. (The aforementioned allegations comprise the first cause of action. Other alleged causes of action in substance allege similar facts and seek rescission of the agreement and deed on the ground of mistake, injunctive relief restraining the sale or encumbrance of the property pendente lite, an accounting of rents and profits from the property, and declaratory relief.)

On September 1, 1967, the executors filed their first account and petition for preliminary distribution which stated in part that although the estate was not in condition to be closed, the proposed distribution could be made without loss to creditors or persons interested in the estate. In substance, it proposed distribution of bequests and devises other than the bequests of the stock in Millbrook Farm.

On November 10, 1967, Mr. McCarthy, as an "heir and devisee," filed in the probate proceedings a document entitled, "Petition To Construe Will In Conjunction With Petition For Preliminary Distribution." It alleged in substance that the executors filed the action against petitioner and the Millbrook corporation wherein the plaintiffs sought to rescind the decedent's agreement of 1961 relating to the ranch property (copy of complaint in that action incorporated in petition); the executors did not receive authority or instructions from the probate court to file said action; by said action the executors are attempting to invalidate portions of article 4 and article 6 of the will relating to bequests of stock in the corporation; article 10 of the will provides that if an heir, devisee, or legatee contests the will, then the share of the estate given to such person shall be revoked (article 10 set forth in full in petition); executor Bullis is a devisee, and executor Gless is a beneficiary, under the will; petitioner requests that prior to the proposed distribution, the devisees and beneficiaries be required to file "a statement of their claim of interest in this estate with regard to said Millbrook Farm action"; and there are beneficiaries who are minors and whose interests should be protected by appointment of a guardian ad litem. The prayer is that the petition be heard in conjunction with the petition for preliminary distribution; that the court determine whether Bullis and Gless have attempted to invalidate the will; that other beneficiaries be required to file "a statement of their claim of interest in this estate with respect to said action"; and that a guardian ad litem be appointed to protect the interests of "minor and unborn beneficiaries" under the will.

The executors answered the petition and alleged in substance that they filed said action as executors in discharge of their duty to collect and marshal the assets of the estate, and that instructions by the court for filing said action were not required. It was also alleged that the peitioner had

previously filed a petition for removal of the executors on the ground, inter alia, that the filing of the Millbrook Farm action constituted an attempt to invalidate the will and was a contest of the will; said petition was heard, findings were waived, and the probate court made an order denying the petition; said order fully and finally adjudicated the matters alleged in the present petition; and by said order petitioner is barred from maintaining the present petition.[2] The beneficiaries (including Rosemary Bullis and Michael Gless, as beneficiaries) filed an opposition to the petition through counsel other than counsel representing the executors.

The petition for distribution and the petition to construe the will were heard concurrently; and separate findings, and separate orders, were made with reference to each petition. Some of the findings on the petition to construe the will were in substance as follows: Bullis, Gless, and Belden are executors of the will, and Bullis and Gless are also heirs and devisees under the will. In December 1966, the executors filed a complaint in the superior court which alleged that the decedent was induced to convey her ranch property to Millbrook Farm by undue influence by McCarthy. The complaint sought rescission of the conveyance. The executors were authorized to commence and prosecute said rescission action. Said action did not constitute, directly or indirectly, an attempt to invalidate the decedent's will, or any part thereof. In commencing and prosecuting said action, Bullis and Gless have committed no acts which violate the *in terrorem* clause in article 10 of the will, and no act of any devisee, legatee, or beneficiary in prosecuting said action violated said article 10. There are no interests of possible minor and unborn beneficiaries which require appointment of a guardian ad litem in this proceeding.

The order construing the will provides that article 10 of the will has not been violated, and that the action of the executors in commencing and pursuing the rescission action is ratified and approved.[3]

Appellant contends that the court "did not construe decedent's will in response to appellant's petition," and did not make "all essential findings"; correct construction of the will requires a finding that the testatrix by her will affirmed the exchange of her ranch property for stock, and a finding that the executors are precluded from commencing the rescission action; the rescission action is an attempt to invalidate the will, and it is therefore

---

[2]The transcripts herein do not include a record of the proceedings regarding the petition to remove the executors. (A copy of the order denying said petition is incorporated in the executors' answer to the present petition.)

[3]The findings and order with reference to the preliminary distribution and settlement of the account are omitted herefrom. Although appellant appealed from both orders, his argument is in effect limited to issues relating to the findings and order construing the will.

a contest under article 10 of the will; the fact that the rescission action was brought by the executors (some of whom were heirs) does not insulate them from provisions of the no-contest clause; and the question of ratification of the executors' commencement of the rescission action was not before the court.

Under section 571 of the Probate Code, an executor or administrator must marshal all of the assets of the decedent's estate. He is entitled to, and may maintain an action for, possession of real property of the decedent. (Prob. Code, § 581.) ■ As said in *Lewis* v. *Beeks,* 88 Cal.App.2d 511, 519 [199 P.2d 413], wherein the administratrix brought an action to cancel deeds made by the decedent: " 'Whenever decedent might have done so, his representative may sue to set aside a conveyance or transfer obtained from decedent by means of the other party's undue influence, fraud, menace or duress, or a conveyance which is invalid for want of capacity in the decedent grantor. Since the fraud and wrong were committed on the decedent and in his lifetime, he might have brought suit to recover the property; *and his personal representative not only has the power, but it is his duty to sue for the recovery thereof as part of the estate.*' "

■ In the present case, the executors commenced an action for rescission of the deed whereby Mrs. McCarthy conveyed her ranch property to the corporation. According to allegations of the complaint, Mrs. McCarthy was induced to execute said deed by undue influence exercised upon her by her son (Mr. McCarthy), and by her son's promise that he (an attorney) would form the corporation in such manner that she would retain the beneficial ownership of the property; and that in truth, Mr. McCarthy formed the corporation in such manner that she did not retain beneficial ownership of the property, and Mr. McCarthy received, for nominal consideration, one-half of the common stock of the corporation—and the corporation assumed ownership of the property (which was valued at $160,000 at that time). The allegations in the complaint indicate that Mrs. McCarthy could have commenced an action to rescind the deed. In view of the *Lewis* case, *supra,* it appears that the executors of her will could properly commence such action.

■ In his petition to construe the will, Mr. McCarthy seeks to invoke the *in terrorem* clause (article 10) of the will against two of the beneficiaries under the will on the ground that they (as executors) were among the plaintiffs who commenced the action to rescind the deed, and he seeks to compel other beneficiaries to file a statement of their interest in the commencement of such action. As respondents argue, the issue sought to be raised by petitioner does not concern interpretation of the will—it in effect requests the

probate court to invoke the *in terrorem* clause for conduct of beneficiaries which purportedly was a contest of the will.

In *Estate of Miller,* 230 Cal.App.2d 888, 901-902 [41 Cal.Rptr. 410], it was said: "It has been held frequently that a provision such as the present *in terrorem* clause 'being by way of forfeiture and condition subsequent— is to be strictly construed and not extended beyond what was plainly the testator's intent.' " (See *Lobb* v. *Brown,* 208 Cal. 476, 491 [281 P. 1010]; *Estate of Miller,* 212 Cal.App.2d 284, 297-298 [27 Cal.Rptr. 909]; *Estate of Crisler,* 97 Cal.App.2d 198, 200-201 [217 P.2d 470]; *Terror in Probate,* 16 Stan. L. Rev. 355; *No Contest Clauses in Wills,* 15 Hastings L. J. 45.)

In the present case, as above shown, there was no contest of the will during the six months following admission of the will to probate. (Prob. Code, § 380; cf. *Estate of Crisler, supra,* p. 200.) The action by the executors to rescind the deed—which is the conduct petitioner claims was a contest of the will—was filed more than six months after the will was admitted to probate; said action sought to rescind a deed made by the decedent, whereby she conveyed (allegedly under undue influence by petitioner McCarthy) real property of substantial value; and it appears, as above stated, that the executors had the right to commence such action. If the executors prevail in such action, it would enhance the assets of the estate (cf. *Estate of Dow,* 149 Cal.App.2d 47, 54 [308 P.2d 475] in that the entire value of the ranch property would be included in the estate rather than only the portion of that value represented by the shares of stock held by the decedent (and referred to in the will).

■ The court did not err in ratifying and approving the acts of the executors in commencing and pursuing the rescission action. Appellant's contention that the question of ratification was not before the court is not sustainable—his petition to construe the will included an allegation that "said executors received no authority or instructions from the court to file such action"; and, in answer to that allegation, the executors alleged that the action was filed in discharge of the duties imposed upon them by law to collect and marshal the assets of the decedent's estate and that authorization or instructions for the filing of said action was not required. Those pleadings sufficiently raised the issue of ratification or approval of the acts of the executors in commencing the action; and, as previously stated, the relief sought by the petition concerned the propriety of the filing of that action. Appellant's argument that there was no evidence before the court upon which it could make an order ratifying the acts of the executors is without merit. Among other things, the record before the court included verified pleadings which incorporated by reference a copy of the complaint filed by the executors for rescission of the deed and agreement. A probate

court has power to ratify acts of an executor done without previous order of the court. (See *Estate of Reinhertz,* 82 Cal.App.2d 156, 161 [185 P.2d 858, 186 P.2d 755]; *Estate of Scherer,* 58 Cal.App.2d 133, 144 [136 P.2d 103].)

■ Appellant's contention that the court did not make "all essential findings" is without merit. Among other things, appellant argues that the court did not make findings as to the testatrix' intention in article 4 of her will (wherein she stated that her ranch property had been incorporated, and she bequeathed 50 shares of common stock in the corporation to Mr. McCarthy). As above shown, the issue raised and the relief sought, in the petition to construe the will, was whether the *in terrorem* clause (article 10) should be invoked against beneficiaries, who as executors (or otherwise), participated in the commencement and maintenance of the action to rescind the deed—the meaning of article 4 (or any other provision of the will) was not disputed by the executors or the beneficiaries, in the probate proceedings or in the rescission action; and no extrinsic evidence was presented herein as to the testatrix' intention. The court found, inter alia, that the will included the provisions in article 4, article 7, and article 10; and that the commencement and maintenance of the rescission action did not violate article 10 (*in terrorem* clause); and the conclusions of law were that article 10 was not violated, and that the acts of the executors in commencing and pursuing the rescission action are ratified and approved. The findings and conclusions of law sufficiently resolved the issues raised by the petition and the answer thereto.

The order construing the will and ratifying acts of the executors, and the order settling the account and for preliminary distribution, are affirmed.

Lillie, J., and Gustafson, J., concurred.

A petition for a rehearing was denied April 7, 1970, and appellant's petition for a hearing by the Supreme Court was denied May 6, 1970.